No. 85-315

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

O'DONNELL FIRE SERVICE AND EQUIPMENT
COMPANY,

        Plaintiff and Appellant,

  -vs-

THE CITY OF BILLINGS, an incorporated
City of the State of Montana,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Jerome J. Cate argued, Billings, Montana

    For Respondent:

        Peterson, Schofield & Leckie; Kenneth Peterson argued,
Billings, Montana

    For Amicus Curiae:

        Felt & Martin for Billings Elementary School Dist. No.
2, Billings, Montana
Ronald K. Olson for Yellowstone County Sewer Board of
Billings Heights, Christian Spring-Sielbach & Assoc.,
Donna Schiedel, Jack Bollinger, Rex Marquardt,
Billings, Montana

---

        Submitted: November 27, 1985

        Decided: December 31, 1985

Filed: DEC 31 1985

_____
Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

O'Donnell Fire Service and Equipment Company (O'Donnell), appeals the granting of summary judgment in favor of the City of Billings by the Yellowstone County District Court. O'Donnell brought this action to challenge the validity of annexations of certain areas to the City of Billings. We affirm the District Court's judgment and order decreeing O'Donnell has no standing to challenge the annexations and dismissing its complaint with prejudice.

During 1984, the City of Billings annexed several parcels in the Billings Heights area. Five parcels were annexed after a majority of the resident freehold electors in each of the areas petitioned the City Council for annexation. The Council annexed these areas under the provisions of Title 7, Chapter 2, Part 46, MCA. An additional annexation on the west-end of the City of Billings occurred on November 5, 1984. This was done pursuant to Title 7, Chapter 2, Part 47, MCA. Some of the west-end residents filed a petition to review this annexation. O'Donnell is not a party to that petition.

The petitions requesting annexation were prepared by engineering firms retained by area residents and were circulated by the residents. After the petitions were presented, the city engineer's office reviewed them and determined a majority of resident freehold electors had petitioned for annexation. The City Council then passed resolutions of annexation. None of the area residents protested.

O'Donnell is a Montana corporation with its place of business in the City of Billings. It owns no real property

in the annexed areas or within the City of Billings. O'Donnell provides private contracted fire service to customers in Yellowstone County. After the annexations in 1984, most, if not all, of its contracts in the annexed areas lapsed.

O'Donnell filed a complaint in District Court on January 30, 1985 asking for damages, for an injunction against further annexations by Billings, for a declaration that these annexations were illegal and void, and for attorney fees and other relief. It alleged that the Billings Heights annexations were invalid because they violated certain provisions in Part 46 and that the illegal annexations caused the lapse or cancellation of most of their fire service contracts. A second count alleged that the annexation of the west-end parcel violated Part 47 resulting in similar damages. The third count requested monetary damages as a result of other invalid procedures during annexation. The final count alleged plaintiff was a resident landholder of Billings, apparently based on O'Donnell's stockholders' statuses, who could prospectively share the increased tax burden resulting from the annexations; that it suffered direct injury to its business; and the negligent violation of the annexation statutes was the direct and proximate cause of its injury.

The City answered and counter-claimed alleging the suit was frivolous. Both parties filed motions for summary judgment supported by affidavits and briefed and argued their motions before the District Court. The District Court denied O'Donnell's motion for partial summary judgment, and granted the City's motion for summary judgment by dismissal on May 29, 1985.

O'Donnell then requested leave to file an amended complaint including its two owners as plaintiffs and alleging additional federal and constitutional grounds for relief. After a hearing, the District Court denied permission to file an amended complaint.

O'Donnell filed a notice of appeal from the order granting summary judgment. It raises two issues on appeal:

(1) Did the District Court properly rule O'Donnell has no standing to challenge the annexations by the City of Billings?

(2) Did the District Court properly deny O'Donnell permission to file an amended complaint?

O'Donnell brought suit against the City of Billings directly challenging the annexation proceedings in three counts and indirectly challenging them in the fourth count on a negligence theory. In Stewart v. Bd. of Cty. Com'rs. of Big Horn Cty. (1977), 175 Mont. 197, 573 P.2d 184, this Court established requirements for standing to sue a governmental entity:

(1) the issue must represent a case or controversy;

(2) the complaining party must clearly allege past, present or threatened injury to a property or civil right; and

(3) the injury must be distinguishable from injury to the public generally, but need not be exclusive to the complaining party. Stewart, 175 Mont. at 201, 573 P.2d at 186. When addressing the particular question of protesting annexations, additional principles apply. Absent a constitutional prohibition, annexation is "a political matter exclusively for legislative control." Harrison v. City of Missoula (1965), 146 Mont. 420, 424, 407 P.2d 703, 705-706.

4

As a result, most jurisdictions hold that a private party usually does not have the capacity to attack annexation proceedings. Annot., 13 ALR2d 1279, 1281. In Montana, we have permitted a property owner within the annexed area to directly attack an annexation through a suit to enjoin the city's action. Sharkey v. City of Butte (1915), 52 Mont. 16, 155 P. 226. Nilson Enterprises, Inc. v. City of Great Falls (Mont. 1980), 621 P.2d 466, 37 St.Rep. 1977, affirmed the rule in Sharkey quoting:

> ". . . where such proceedings are void ab initio [emphasis in original] for want of jurisdiction of the subject matter, as here, equity will afford relief to the property owner [emphasis added] whose taxes would be increased if his property were included within the city's limits."
> (Citations omitted.)

621 P.2d at 470, 37 St.Rep. at 1981. Title 7, Chapter 2, Part 46, MCA, does not provide any method for attacking a resolution of annexation accomplished by petition. Following the rule in Sharkey and Nilson, supra, the annexations would have to be void ab initio and the challenger would have to be a property owner who would suffer tax increases before the annexation could be set aside in a direct attack. O'Donnell owns no property in the annexed area. It seeks monetary damages rather than just an injunction, the equitable remedy available. Given these facts, O'Donnell has no standing to challenge the annexations done pursuant to Part 46, as it attempted to do in the first and third counts of its complaint.

The discussion of whether the annexations are void ab initio requires additional development. The challenge to the annexation procedures consisted of two separate claims. First, the petitions may not have contained the requisite

5

number of signatures and second, the petitions were not submitted to the proper authority. The only authority submitted for the first claim consisted of a count of the signatures on the petitions by an O'Donnell stockholder. The count took place in only one of the annexed areas and was based on criteria determined by that stockholder. This is insufficient to support a claim that the City inaccurately counted the signatures on the petition.

As to the second claim, §7-2-4601, MCA, gives the governing body of the municipality the authority to approve a petition for annexation. In Kunesh v. City of Great Falls (1957), 132 Mont. 285, 317 P.2d 297, and State v. City of Butte (1964), 144 Mont. 95, 394 P.2d 753, this Court approved procedures where city officials determined the validity of petitions. O'Donnell's reliance on §7-1-4130, MCA, is misplaced. It states that the county election administrator determines the sufficiency of the signatures "unless otherwise provided." The section within Part 46 gives that authority to the governing body of the municipality. Thus, O'Donnell's claims that the annexations by petition are void ab initio must fail.

The second count in the complaint challenged the annexation which took place pursuant to Part 47 rather than Part 46 of Title 7, Chapter 2, MCA. This part specifically provides a right to court review, in contrast to Part 46 on annexation by petition. Section 7-2-4741, MCA, provides:

> (1) Within 30 days following the passage of an annexation ordinance under authority of this part, either a majority of the resident freeholders in the territory or the owners of more than 75% in assessed valuation of the real estate in the territory who believe that they will suffer material injury by reason of the failure of the municipal governing

6

> body to comply with the procedure set forth in this part or to meet the requirements set forth in 7-2-4734 and 7-2-4735, as they apply to their property, may file a petition in the district court of the district in which the municipality is located seeking review of the action of the governing board and serve a copy of the petition on the municipality in the manner of service of civil process.

O'Donnell did not bring its action within 30 days and is not a resident freeholder of the territory or an owner of more than 75% in assessed valuation of real estate of the territory. This section is the exclusive appeal provision under Part 47. Thus, O'Donnell's second count fails.

The third count has been addressed in the above discussion.

The fourth count in O'Donnell's complaint collaterally attacks the annexations by attempting to state a claim in negligence. O'Donnell has no standing to directly attack the annexations, as discussed above. Similarly here, it owns no property in the annexed area. If it lacks standing to directly attack the annexations, it should not be permitted to pursue a collateral attack. Montana has never permitted such a collateral attack and we will not do so in this case.

We hold O'Donnell has no standing to challenge, directly or collaterally, the annexations done pursuant to Parts 46 and 47 of Title 7, Chapter 2, MCA.

The second issue concerns whether the District Court properly denied O'Donnell permission to file an amended complaint. However, in its notice of appeal, O'Donnell only requested consideration of the granting of summary judgment in favor of the City of Billings. No mention is made of the order denying permission to file an amended complaint after judgment. Thus O'Donnell did not perfect an appeal from this

order. In addition, denying a motion to amend a complaint after final judgment is not a special order which can be appealed. See Rule 1(b), M.R.Civ.P. and Apple v. Seaver (1924), 70 Mont. 65, 223 P. 830. We therefore do not address this issue on appeal.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

8