NO.  95-422

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

LEE KNUDSEN, SHIRLEY KNUDSEN,
JAMES KNUDSEN, and JANICE KNUDSEN,

   Plaintiffs and Appellants,

   v.

CLAUDE E. EREAUX, a/k/a EZZIE EREAUX, N.W. DOBSON,
a/k/a NORRIS W. DOBSON; ESTHER ARLETTA DOBSON,
a/k/a ARLETTA DOBSON; CITY OF MALTA, an Incorporated
Political Subdivision of the State of Montana;
and MAYOR BYRON EREAUX. CITY COUNCIL MEMBERS
KARL HARMS, WILLIAM CROWDER, DAVE BROADBROOKS,
and DELMAR DEMARAIS, individually and as members
of the City Council of the City of Malta,

   Defendants and Respondents.

APPEAL FROM:   District Court of the Seventeenth Judicial
               District,  In and for the County of Phillips,
               The Honorable Marc G. Buyske, Judge presiding.

COUNSEL OF RECORD:

       For Appellants:

           Vicki Knudsen, Attorney at Law,
           Roundup,  Montana

           Mark D. Parker, Parker Law Firm,
           Billings,  Montana

       For Respondents:

           Jack Jenks, Malta City Attorney, Bosch, Kuhr,
           Dugdale, Martin & Kaze, Havre, Montana

           Don Cole, Cole & Amestoy, Malta, Montana

Submitted on Briefs:  January 11, 1996

             Decided:  February 8, 1996

FILED

Filed:  FEB 8 - 1996

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Clerk

Justice Charles E. Erdmann delivered the opinion of the Court.

Plaintiffs appeal from an order issued by the Seventeenth Judicial District Court, Phillips County, dismissing their amended petition for lack of standing. We affirm.

We restate the issues on appeal as follows:

1. Did the District Court err by failing to notify the parties that it was treating the motion to dismiss as a motion for summary judgment?

2. Did the District Court correctly determine that the plaintiffs did not have standing to challenge a municipal annexation made pursuant to Title 7, Chapter 2, Part 46, Montana Code Annotated (1993)?

### FACTS

This case has no adjudicated facts. It comes before this Court from the dismissal of plaintiffs' amended petition for declaratory judgment and injunctive relief. No hearing was conducted and the only facts are those contained in the parties' pleadings and supporting documents.

On April 12, 1994, the City of Malta approved a petition to annex property pursuant to § 7-2-4601(3)(b), MCA (1993), which allows annexation by petition to the local legislative body. On February 28, 1995, the City approved a plan for extension of services for the annexed property and on March 7, 1995, the City filed the resolution annexing the property.

On April 27, 1995, the plaintiffs filed their petition for declaratory judgment and injunctive relief alleging the annexation was invalid, illegal, and in violation of statutory authority. On May 15, 1995, the City, Mayor Ereaux, and the City Council filed a motion to dismiss plaintiffs' petition and on May 22, 1995, filed a supporting brief. On June 15, 1995, defendants Claude Ereaux, Norris W. Dobson and Esther Dobson filed their response.

On June 27, 1995, the plaintiffs filed a motion to amend their petition to address the issue of standing which the City had raised in its motion to dismiss. The District Court granted plaintiffs' motion to amend and on June 29, 1995, the plaintiffs filed their amended petition. The District Court reviewed the pleadings, written arguments, and supporting documentation and considered the City's motion to dismiss as a motion for summary judgment for dismissal. On August 30, 1995, the District Court issued its order granting the City's motion to dismiss the amended petition for lack of standing. This appeal followed.

## ISSUE 1

Did the District Court err by failing to notify the parties that it was treating the motion to dismiss as a motion for summary judgment?

Rule 12(b), M.R.Civ.P., allows the district court to convert a motion to dismiss into a motion for summary judgment if "matters outside the pleading are presented to and not excluded by the court . . . ." In the present case, the City attached to its motion to

dismiss made pursuant to Rule 12(b) (6), M.R.Civ.P., an affidavit from the president of the Phillips County Abstract Company, as well as a certificate of abstractor indicating the chain of title to the annexed property. The District Court considered the supporting documents in making its ruling and without notifying the parties converted the City's motion to dismiss into a motion for summary judgment.

The plaintiffs argue that the District Court committed reversible error by converting the City's motion without providing notice to the parties. The City counters that even if notice had been given and a hearing had been conducted, the result would have been the same and therefore any error committed was harmless error.

Rule 12(b), M.R.Civ.P., states that if a motion to dismiss is converted into one for summary judgment "all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." Accordingly, we have held that before a court can convert a motion to dismiss into a motion for summary judgment, it must give notice to the parties of its intention to convert the motion. Hoveland v. Petaja (1992), 252 Mont. 268, 271, 828 P.2d 392, 393 (citing State ex rel. Dept. of Health and Environmental Sciences v. City of Livingston (1976), 169 Mont. 431, 436, 548 P.2d 155, 157; Gravely v. MacLeod (1978), 175 Mont. 338, 344, 573 P.2d 1166, 1169). Formal notice by the court gives the party opposing the motion an opportunity to produce additional facts by affidavit or otherwise which would create a genuine issue

4

of material fact to preclude summary judgment under Rule 56, M.R.Civ.P. Hoveland, 828 P.2d at 394 (citing First Federal Savings and Loan v. Anderson (1989), 238 Mont. 296, 299, 777 P.2d 1281, 1283).

We therefore conclude that the District Court erred in not notifying the parties that it converted the City's motion to dismiss into a motion for summary judgment. However, based on our holding on Issue 2 below, we conclude this error was harmless and does not affect the outcome of the case.

ISSUE 2

Did the District Court correctly determine that the plaintiffs did not have standing to challenge a municipal annexation made pursuant to Title 7, Chapter 2, Part 46, Montana Code Annotated (1993)?

We must first note that even though the District Court in reaching its decision considered supporting documents beyond the pleadings, we determine it is not necessary to go beyond the pleadings in this case. We reach our conclusion based solely on our review of the pleadings, and therefore, we review the District Court's order as being based on a motion to dismiss and not on a motion for summary judgment.

In considering a motion to dismiss made pursuant to Rule 12(b)(6), M.R.Civ.P., a court must view the allegations in a light most favorable to the plaintiff, admitting and accepting as true all facts well-pleaded. Farris v. Hutchinson (1992), 254 Mont.

5

334, 336, 838 P.2d 374, 375 (citing Devoe v. Missoula County (1987), 226 Mont. 372, 374, 735 P.2d 1115, 1116; United States Nat'l Bank of Red Lodge v. Dept. of Revenue (1977), 175 Mont. 205, 207, 573 P.2d 188, 190. A court should not dismiss a complaint for failing to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle him or her to relief. Farris, 838 P.2d at 375.

The District Court in this case relied on O'Donnell Fire Service and Equipment v. City of Billings (1985), 219 Mont. 317, 711 P.2d 822, and concluded that the plaintiffs did not have standing to challenge the City's annexation resolution. In O'Donnell, the City of Billings annexed several parcels in the Billings Heights area, five of which were annexed pursuant to the same statutory authority used by the City of Malta. O'Donnell filed a complaint in district court seeking an injunction against further annexations and a declaratory judgment that the annexations were illegal and void. In concluding that O'Donnell did not have standing to challenge the annexations, we relied on the rule set forth in Sharkey v. City of Butte (1915), 52 Mont. 16, 155 P. 266, and Nilson Enterprises, Inc. v. City of Great Falls (1980), 190 Mont. 341, 621 P.2d 466. We held that:

> [T]he annexations would have to be void ab initio and the challenger would have to be a property owner who would suffer tax increases before the annexation could be set aside in a direct attack. O'Donnell owns no property in the annexed area. . . . Given these facts, O'Donnell has no standing to challenge the annexations done pursuant to Part 46 . .

6

O'Donnell, 711 P.2d at 824 (emphasis added).

In their amended petition, the Knudsens state "[p]etitioners own land in Malta, Phillips County, Montana, <u>adjacent to</u> the land purported to be annexed . . ." (emphasis added). Thus, we determine from the pleadings that the plaintiffs did not own property in the annexed area and therefore lacked standing to challenge the City's annexation of the property.

The Knudsens also attempt to collaterally attack the annexation by challenging the agreement for services made between the City and the developer. We stated in <u>O'Donnell</u> that:

> If it [O'Donnell] lacks standing to directly attack the annexations, it should not be permitted to pursue a collateral attack. Montana has never permitted such a collateral attack and we will not do so in this case.

<u>O'Donnell,</u> 711 P.2d at 825.

<u>O'Donnell</u> is dispositive of all issues presented in this case. Recognizing this the Knudsens urge us to modify our holding in <u>O'Donnell</u> to allow a party to challenge an annexation if the "party's land is directly and uniquely affected by the annexation." We decline such an invitation to either modify or overrule our longstanding holding in <u>O'Donnell.</u> We therefore conclude that since the plaintiffs did not own property within the proposed annexation they do not have standing to directly or collaterally attack the annexation resolution. Without standing to state a claim the plaintiffs can prove no set of facts in support of their action which would entitle them to relief.

7

We affirm the District court's order dismissing the plaintiffs' amended petition for lack of standing. The error committed by the District Court in failing to notify the parties that it was converting the City's motion to dismiss to a motion for summary judgment is harmless error.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

8