JUSTICE COTTER,
concurring and dissenting.
¶15 I respectfully dissent. I would reach the merits of the District Court’s Order of Summary Judgment in favor of the City of Kalispell, and affirm.
¶16 I concur in the Court’s conclusion that the District Court erred in its determination that it lost jurisdiction over the case once the Notice of Entry of Judgment was filed of record. However, I would nonetheless reach the merits of the District Court’s Order of Summary Judgment. The propriety of the Order of Summary Judgment is properly before us, as the plaintiffs explicitly appealed both from the Order Nunc Pro Tunc and from the Order of Summary Judgment in their Notice of Appeal. Reaching the merits, I would conclude that the end result of the District Court’s Order Nunc Pro Tunc, which was the striking of the prior order allowing the amendment to the complaint, and the indication that the case was previously fully adjudicated on the merits, was correct.
¶17 The Court maintains that the Order of Summary Judgment was not final because all issues raised in the original complaint were not resolved. ¶ 13.1 disagree. Although plaintiffs now contend there were issues left unresolved by the summary judgment Order, this is not the position they took in the District Court. It was the plaintiffs who contended that there were no genuine issues of material fact. It was the plaintiffs who sought summary judgment on the basis that, because the annexation was illegal and void, the City of Kalispell lacked jurisdiction to either zone or subdivide property over which it had no authority. In other words, plaintiffs’ zoning and subdivision arguments hinged entirely upon their contention that the City lacked jurisdiction to undertake the annexation. If the District Court was correct that plaintiffs had no standing to contest the annexation, it follows that they had no standing to contest the City’s jurisdiction. This would mean that their lack of jurisdiction arguments would fail, and so, in turn, would their ensuing claims. The only other issue raised by the plaintiffs before the court entered its summary judgment ruling was with respect to whether notice was properly given before the public hearing on the initial zoning of the property. The District Court ruled on this issue as well.
¶18 When the District Court granted summary judgment to the City of Kalispell, it correctly determined that the plaintiffs did not have standing to challenge the annexation because Kruckenburg and the *183 other plaintiffs did not own property in the area annexed. Collateral attacks on annexations are not allowed by those who do not have standing to directly challenge them. O’Donnell Fire Serv. & Equipment v. Billings (1985), 219 Mont. 317, 711 P.2d 822. Moreover, the court also correctly determined that the City of Kalispell fully complied with State law regarding notice of the public hearing for initial zoning of the property. For the reasons set forth above, between these two rulings the District Court resolved all issues raised by the plaintiffs and argued in their Motion for Summary Judgment and Motion for Judgment on the Pleadings. Because the plaintiffs affirmatively alleged there were no genuine issues of material fact for the District Court to resolve, the District Court did not err in proceeding to enter a final judgment in favor of the City of Kalispell.
¶19 The plaintiffs’ lack of standing to challenge the annexation will not change, regardless of the character of the amendments they seek to add to their Complaint against the City of Kalispell. For this reason, I see no reason to reverse and remand for further proceedings. I would therefore affirm.
JUSTICES NELSON and REGNIER join in the concurrence and dissent of JUSTICE COTTER.