No. 05-072

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 31

BRUCEEN FLEENOR,

           Plaintiff and Appellant,

    v.

DARBY SCHOOL DISTRICT, TRUSTEE CHAIR ROBERT WETZSTEON,
in his official capacity, TRUSTEE MARY LOVEJOY, in her official capacity,
TRUSTEE ERIK ABRAHAMSEN, in his official capacity,

           Defendants and Respondents.

APPEAL FROM:    The District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DV 2004-283,
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Jason L. Harkins, Harkins Law Firm, P.C., Billings, Montana

        For Respondents:

        Debra A. Silk ,Tony Koenig, Montana School Boards Association,
Helena, Montana

Submitted on Briefs:  August 23, 2005

Decided:  February 14, 2006

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Bruceen Fleenor (Fleenor) appeals the dismissal of her claim against the Darby School District (District) and several of its Trustees. We affirm.

## ISSUE

¶2 The sole issue on appeal is whether the District Court correctly dismissed Fleenor's case for lack of standing.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On July 6, 2004, Fleenor brought suit for violation by the District of her right to know and right to participate in the Trustees' decision to hire a new Superintendent. Fleenor brought her suit as "a citizen of Montana and a resident of Ravalli County and the Darby School District." She claimed that the District failed to properly notify her of votes and decisions leading to the Superintendent's hiring, and therein violated her Constitutional rights.

¶4 The District moved to dismiss Fleenor's case for failing to state a claim and for lack of standing. The District argued Fleenor lacked any personal stake in the decisions of the District, and therefore suffered no injury beyond that of any other resident or taxpayer in the community. Fleenor asserted she had standing by virtue of her status as an "interested party" who "removed herself from the potentially injured public generally into the smaller class of those citizens who are actually interested in knowing and participating in the process of government." In her view, Fleenor's interest in matters affected by decisions of the District was sufficient to establish she was injured by the District's allegedly faulty notice.

2

¶5 On September 21, 2004, the District Court held a hearing on the District's motion to dismiss, and on September 27, 2004, dismissed Fleenor's claim for lack of standing.

## STANDARD OF REVIEW

¶6 The question of whether a district court properly granted a motion to dismiss is a conclusion of law which we review to determine if the court's interpretation and application of the law is correct. *Helena Parents v. Lewis & Clark Cty.* (1996), 277 Mont. 367, 370-71, 922 P.2d 1140, 1142 (citations omitted).

## DISCUSSION

¶7 Standing is a threshold jurisdictional question "especially" in cases "where a statutory or constitutional violation is claimed to have occurred, . . . ." *Olson v. Department of Revenue* (1986), 223 Mont. 464, 469, 726 P.2d 1162, 1166. Fleenor argues that the plain language of Montana's Constitution grants every citizen standing to enforce the right to know and right to participate in government decision-making. Article II, Sections 8 and 9 provide:

> **Right of participation.** The public has the right to expect governmental agencies to afford such reasonable opportunity for citizen participation in the operation of the agencies prior to the final decision as may be provided by law.
>
> **Right to know.** No person shall be deprived of the right to examine documents or to observe the deliberations of all public bodies or agencies of state government and its subdivisions, except in cases in which the demand of individual privacy clearly exceeds the merits of public disclosure.

¶8 Fleenor urges this Court to liberally construe the Constitution and literally interpret "the public" and "citizen" to include anyone who has an interest in enforcing the broad

3

policies and protections of Article II, Sections 8 and 9. We agree that Montana's Constitution is to be broadly and liberally construed. *SJL of Mont. Assoc. v. City of Billings* (1993), 263 Mont. 142, 146, 867 P.2d 1084, 1086. Accordingly, our standing requirements are broad enough to allow anyone with a true stake in government action to exercise the rights granted by Article II, Sections 8 and 9. *See e.g. Air Pollution Control v. Bd. of Env. Rev.* (1997), 282 Mont. 255, 937 P.2d 463 (where we determined that, because citizens of Missoula who breathed the air into which Stone Container expelled pollutants had standing to challenge state regulation of emissions in the airshed, standing extended to the local air pollution control board charged with protecting public health); *Armstrong v. State*, 1999 MT 261, 296 Mont. 361, 989 P.2d 364 (where we held that health care providers had standing to assert on behalf of their patients the individual privacy rights of such patients to obtain constitutionally protected abortions from a health care provider of the patient's choosing); and *Bryan v. District*, 2002 MT 264, 312 Mont. 257, 60 P.3d 381 (where we rejected as "hypertechnical" the school board's contention that a student's mother lacked standing because another member of her activist group, rather than the mother herself, requested and was denied documents at issue in her challenge of a school closure). Such standing requirements are not, however, without limitation.

¶9     Even a broad reading of Article II, Sections 8 and 9 does not excuse Fleenor from meeting the well established standing requirements reflected in our jurisprudence. To establish standing to bring suit, the complaining party must (1) clearly allege past, present, or threatened injury to a property right or a civil right, and (2) allege an injury that is

4

distinguishable from the injury to the public generally, though the injury need not be exclusive to the complaining party. *Bryan*, ¶ 20, citing *Armstrong*, ¶ 6. It is further well established that persons who fail to allege any personal interest or injury, beyond that common interest of all citizens and taxpayers, lack standing. *Flesh v. Bd. of Tr. of J. School Dist. 2* (1990), 241 Mont. 158, 162, 786 P.2d 4, 7 (citation omitted). The injury alleged must be personal to the plaintiff as distinguished from the community in general. *Carter v. Montana Dept. of Transp.* (1995), 274 Mont. 39, 42, 905 P.2d 1102, 1104 (citation omitted). Otherwise stated, the challenged action must result in a "concrete adverseness" personal to the party staking a claim in the outcome. *Bryan*, ¶ 20, citing *District No. 55 v. Musselshell County* (1990), 245 Mont. 525, 528, 802 P.2d 1252, 1254.

¶10 Fleenor attempts to distinguish herself from the general citizenry and other taxpayers by arguing that she is "actually interested in knowing and participating in the process of government." She argues that her civic interest makes her "individualized enough to remove her sufficiently from the proscribed public generally" so as to grant her a personal stake in the outcome of the District's hiring decision. In essence, Fleenor maintains that being an informed and interested citizen is sufficient to confer standing.

¶11 Because Fleenor insists no allegation of injury is necessary, she makes none. In fact, she does not even allege that the District's faulty notice somehow injured or threatened to injure her. And, other than establishing that Fleenor resides within the Darby School District, attends some school board meetings, and has no children in school, the record is completely silent as to her personal stake or interest in the matter of the hiring of the

5

Superintendent. The "concrete adverseness" to Fleenor resulting from the District's actions, as called for in *District No. 55* and *Bryan* is completely lacking.

¶12 While the allegation of membership within the school district is a good start toward establishing standing, it is not, on its own, enough. Under *Bryan, Flesh,* and *Carter,* there must also be some sort of injury or threatened injury alleged. The threshold is not high, but it does exist, and Fleenor failed to meet it.

¶13 On the record before us, we cannot conclude that the District Court erred in its application of the law to Fleenor's claim. Therefore, we affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE

6