No. 04-812

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 88

_____

JAMES C. LOHMEIER, PAUL SHENNUM, SANDY
McMANUS, PANKRATZ FOREST INDUSTRIES,
INC. d/b/a KELLY GOODWIN COMPANY, MARY
ASKVIG, ERIC BERGER, TERESA J. KOLNIK,
JERRY RITTER, and KENT BRODIE,

        Plaintiffs and Appellants,

    v.

GALLATIN COUNTY, and GALLATIN COUNTY
ELECTION ADMINISTRATOR,

        Defendants and Respondents.

_____

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                  In and for the County of Gallatin, Cause No. DV 2003-38 and 293
                  The Honorable Mike Salvagni, Judge presiding.

COUNSEL OF RECORD:

        For Appellants:

                Arthur V. Wittich, Wittich Law Firm, Bozeman, Montana

        For Respondents:

                Allan H. Barris, Moore O'Connell & Refling, Bozeman, Montana

_____

                        Submitted on Briefs:  August 10, 2005

                                   Decided:  April 25, 2006

Filed:

                _____
                        Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     James C. Lohmeier, and the other named plaintiffs and appellants, referred to as Appellants, appeal from an order of the Eighteenth Judicial District Court, Gallatin County, granting a Rule 12(c) motion to dismiss the consolidated complaints. Gallatin County and the Gallatin County Election Administrator are referred to together as the County. We affirm.

¶2     Appellants make numerous arguments why the District Court erred in dismissing their complaints. However, because we determine that Appellants do not have standing to bring these consolidated lawsuits, it is unnecessary to address such arguments.

¶3     We restate the dispositive issue on appeal as: Did the District Court err by dismissing Appellants' case for lack of general standing?

¶4     In August 2002, certain landowners in the Four Corners area of Gallatin County filed a Petition (Petition) with the Gallatin County Commission (Commission) to organize and incorporate a county water and sewer district to be named the Four Corners Water and Sewer District (District). The Commission held a hearing on this Petition on December 17, 2002, at which certain area residents, including some Appellants, requested that the Commission expand the District's proposed boundaries to include them. The Commission denied this request.

¶5     On December 20, 2002, the Commission adopted a resolution approving the Petition and creating the District with the boundaries as stated in the Petition. On January 21, 2003, Appellants filed this suit, challenging the Commission's creation of the District without enlarging its boundaries to include them. Appellants also applied for a

2

preliminary injunction to stop the election process needed to establish the District. The District Court held a hearing and denied Appellants' application for a preliminary injunction on April 15, 2003.

¶6 The election for the creation of the District was held. Eighteen ballots were mailed to potential voters. Eleven voters both registered to vote in and residing within the District received ballots. Seven owners of property within the District, who were not registered to vote in the District, also received ballots. The County undertook a canvass of the votes on April 18, 2003. Four out of the eleven voters living in and registered in the District, and all seven of the voters who owned property in the District but did not live there, voted in favor of forming the District. On April 29, 2003, the County certified that the votes in favor of creating the District were sufficient. The County's certification of the vote was sent to the Montana Secretary of State, who returned a certificate to the County certifying the incorporation of the District.

¶7 Appellants then filed another complaint challenging the election and certification process. The District Court granted Gallatin County's request to consolidate the two suits. Gallatin County filed a Rule 12(c) Motion to Dismiss Consolidated Actions, which the District Court granted on October 25, 2004. Appellants appeal the District Court's granting of the Motion to dismiss the consolidated actions.

¶8 In considering a motion for judgment on the pleadings pursuant to Rule 12(c), M.R.Civ.P., the movant must establish that no material issue of fact remains and that the movant is entitled to judgment as a matter of law. *Paulson v. Flathead Conservation Dist.*, 2004 MT 136, & 17, 321 Mont. 364, & 17, 91 P.3d 569, & 17. "The pleadings are

3

to be construed in the light most favorable to the nonmoving party, whose allegations are taken as true." *Paulson*, & 17. Because a motion for judgment on the pleadings is decided as a matter of law, we apply our standard of review for conclusions of law and determine whether the District Court's decision is correct. *Paulson*, & 17.

¶9 Appellants argue that because they are County taxpayers and voters they have standing to challenge the creation of the District. They say that their alleged injuries are particular to those who would benefit by inclusion in the District, because the economic and environmental impacts of the District would fall more heavily upon them. Appellants also allege infringement of their fundamental right to a clean and healthful environment because the District, with its current boundaries, would allow existing pollution sources to continue unabated.

¶10 Two criteria must be satisfied to establish standing to sue:

> the complaining party must (1) clearly allege past, present or threatened injury to a property or a civil right, and (2) allege an injury that is distinguishable from the injury to the public generally, though the injury need not be exclusive to the complaining party.

*Fleenor v. Darby School Dist.*, 2006 MT 31, ¶ 9, 331 Mont. 124, ¶ 9, 128 P.3d 1048, ¶ 9; *Geil v. Missoula Irrigation Dist.*, 2002 MT 269, & 28, 312 Mont. 320, & 28, 59 P.3d 398, & 28. Persons who fail to allege any personal interest or injury, beyond that common interest of all citizens and taxpayers, lack standing. *Fleenor*, ¶ 9; *Flesh v. Bd. of Tr. of J. Sch. Dist. 2* (1990), 241 Mont. 158, 162, 786 P.2d 4, 7. The challenged action must result in a "concrete adverseness" personal to the party staking a claim in the outcome. *Fleenor*, ¶ 9; *Bryan v. Yellowstone County Elementary Sch. Dist. No. 2*, 2002 MT 264, ¶ 20, 312 Mont. 257, ¶ 20, 60 P.3d 381, ¶ 20.

4

¶11 In cases concerning annexation to a municipality, this Court has held that one who does not reside or own land in the area affected does not have standing to challenge a proposed annexation as they do not have to pay increased taxes for increased services. *Knudsen v. Ereaux* (1996), 275 Mont. 146, 150-51, 911 P.2d 835, 838 (citing *O'Donnell Fire Serv. and Equip. v. City of Billings* (1985), 219 Mont. 317, 320-21, 711 P.2d 822, 824). Appellants neither reside in, nor own property located in, the District. They will not have to pay any of the costs associated with the creation of or operation of the District. They suffer no economic detriment that is different from that of the public generally. Thus, they do not have standing to challenge the creation of the District.

¶12 Appellants' status as County taxpayers and voters does not give them standing. Section 7-13-2212, MCA, allows only those residing in the proposed district, or owning taxable real property situated within the proposed district, to vote in an election to determine whether to create the new district. Considering the status of persons who are not entitled to vote for a proposal, the United States Supreme Court faced a similar argument as that of Appellants in *United States v. Hays* (1995), 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635. In *Hays,* appellees sought to challenge the constitutionality of a redistricting plan because of alleged racial gerrymandering. The U. S. Supreme Court explained that voters alleging racial gerrymandering who do not live in the area in question cannot satisfy the standing requirement, because they could only assert a generalized grievance. *Hays*, 515 U.S. at 745, 115 S.Ct. at 2436, 132 L.Ed.2d at 643. Likewise, Appellants here, who do not live in, own property in, or have the right to vote in the election for creation of the District, can only assert a generalized grievance; the

5

same as other voters not in the District. Thus, they do not have standing to challenge the creation of the District.

¶13 Appellants go on to argue that their fundamental right to a clean and healthful environment, provided by Article II, Section 3, of the Montana Constitution, will be infringed upon by the creation of the District, and this gives them standing to bring these actions challenging the creation of the District.

¶14 Appellants' allegations fail to establish a violation of their fundamental right to a clean and healthful environment. The District will actually enhance the environment. In essence, Appellants only allege that the District does not protect the environment as much as it would if their property was included. While such is possible, this does not confer standing on Appellants to challenge the creation of the District.

¶15 The cases cited by Appellants are distinguishable from the present case. In both *Missoula City-County Air Pollution Control Bd. v. Bd. of Envtl. Review* (1997), 282 Mont. 255, 937 P.2d 463, and *Mont. Envtl. Info. Ctr. v. Dep=t of Envtl. Quality*, 1999 MT 248, 296 Mont. 207, 988 P.2d 1236, possible increases in the amount of pollution were at issue. In the present case, there is no increase in the amount of pollution alleged. The allegations of Appellants' complaint do not establish a violation of their right to a clean and healthful environment sufficient to give them standing to maintain these suits.

¶16 Standing is a threshold jurisdictional question, especially in cases where a statutory or constitutional violation is claimed to have occurred. *Fleenor,* ¶ 7. Appellants have failed to allege facts which establish that the creation of the District has caused, or will cause, an injury that is personal to them, as distinguished from the

6

community in general.  The judgment of the District Court granting Gallatin County's Rule 12(c) motion to dismiss is affirmed.

/S/ JOHN WARNER

We Concur:

/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ BRIAN MORRIS