JUSTICE NELSON
concurs.
¶40 I concur in our decision. I write separately to comment briefly on this Court’s decision in Fleenor v. Darby School Dist., 2006 MT 31, 331 Mont. 124, 128 P.3d 1048. There have been few decisions of this Court in recent memory which have been so misunderstood and over-read. Media representatives read the decision as providing public officials carte blanche to flaunt Article II, Section 9, and Montana’s open meeting laws, and some school boards, trade organizations and public *241 bodies appear to have agreed with the media’s assessment.[1] Neither were correct.
¶41 As our Opinion here points out, standing to sue is a threshold requirement under American jurisprudence for commencing litigation. We stated in Armstrong v. State, 1999 MT 261, ¶ 6, 296 Mont. 361, ¶ 6, 989 P.2d 364, ¶ 6 (citation omitted), that the test for standing is whether the complaining party alleges a past, present or threatened injury to a property or civil right. The harm alleged can be common to the general public, but must still affect the individual petitioner in ways not common to the public. Armstrong, ¶¶ 6-7 (citations omitted). Without a standing requirement, anybody could sue anyone for anything-even if the plaintiff had absolutely nothing to lose or gain in the litigation.
¶42 While denominated as a standing problem, Fleenor, more accurately, involved a pleading problem. Fleenor’s complaint and amended complaint were so poorly drafted that she failed to allege any personal injury or stake in the litigation-the fundamental requirement to begin any lawsuit. As we noted, the threshold for standing is not high, but it does-and must-exist. This Court was very careful to say that and only that. See Fleenor, ¶¶ 11-12.
¶43 Fleenor never did stand for the proposition, nor can it be read as a diminution of the public’s fundamental constitutional right to know or the abrogation of Montana’s opening meeting laws-all of the hype and hoopla to the contrary, notwithstanding.
¶44 I concur.
¶45 Justice Cotter joins in the Concurrence of Justice Nelson. As the author of Fleenor, I concur in both the Opinion and Justice Nelson’s Concurrence.

 See “Court’s Spin Curtails Public’s Rights,” Missoulian (February 24, 2006) (available at http://www.missoulian.com/articles/2006/02/28/opinion/opinion6.prt); Gwen Florio, “High Court School Board Ruling Stirs Up Sunshine Laws” Great Falls Tribune (March 8,2006); “The Court and Open Meetings,” Helena IR (March 9,2006) (available at http://www.helenair.eom/articles/2006/03/09/opinions_top/a04030906_01.prt); Watson, Cartoon, Billings Outpost (March 16, 2006).