FILED

December 11 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 06-0778

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 326

ROSALEE FAUST and SANDRA McMANUS,

      Plaintiffs and Appellants,

  v.

UTILITY SOLUTIONS, LLC, and FOUR CORNERS
COUNTY WATER AND SEWER DISTRICT,

      Defendants and Appellees.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-06-516A
Honorable Wm. Nels Swandal, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Hertha L. Lund, Arthur V. Wittich and Frederick P. Landers, Jr., Wittich Law
Firm, Bozeman, Montana

      For Appellee Four Corners County Water & Sewer District:

          Kellie G. Sironi, Gaston Law Firm, Billings, Montana
Susan B. Swimley, Attorney at Law, Bozeman, Montana

      For Appellee Utility Solutions, LLC:

          John M. Kauffman, Kasting, Kauffman & Mersen, Bozeman, Montana
Matthew Williams, Williams & Jent, Bozeman, Montana

                    Submitted on Briefs:  October 17, 2007
                              Decided:  December 11, 2007

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Roselee Faust (Faust) and Sandra McManus (McManus) appeal from an order of the Eighteenth Judicial District Court, Gallatin County, granting the motions to dismiss filed by Utility Solutions, LLC, and Four Corners County Water and Sewer District.  We affirm.

¶2      We review the following issues on appeal:

¶3      *Does DNRC's issuance of final permits for appropriating groundwater to Utility Solutions render moot Faust's and McManus's requests for an injunction, civil penalties, and attorney fees?*

¶4      *Does the Montana Water Use Act create a private right of action that allows Faust and McManus to enforce the civil penalty provisions of the Act?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5      Landowners in the Four Corners area of Gallatin County filed a petition in August, 2002, to organize and incorporate a county water and sewer district.  *Lohmeier v. Gallatin County*, 2006 MT 88, ¶ 4, 332 Mont. 39, ¶ 4, 135 P.3d 775, ¶ 4.  The Gallatin County board of commissioners approved the petition and created the Four Corners County Water and Sewer District (Water District) in December of 2002 to provide water and sewer services within the proposed district's boundaries.  *Lohmeier*, ¶ 5.  Utility Solutions, LLC (Utility Solutions) operates water and wastewater systems to service private developments.  The Water District contracted with Utility Solutions to provide water and sewer services within the Water District's boundaries.  Faust and McManus reside in Gallatin County and own real property and water rights in the Four Corners area.

2

¶6 Utility Solutions submitted applications to the Department of Natural Resources and Conservation (DNRC) for permits to appropriate groundwater to service various businesses and residences in the Four Corners area of Gallatin County. DNRC issued Utility Solutions a conditional permit that authorized groundwater pumping only after DNRC had granted final approval. Utility Solutions began pumping groundwater, however, before DNRC provided the necessary final approval.

¶7 Faust and McManus filed a complaint in District Court on September 7, 2006. They allege that "[d]espite the fact that it does not have any exercisable water rights, Utility Solutions has begun appropriating water . . . ." The amended complaint alleges that the groundwater appropriations by Utility Solutions would adversely affect Faust's and McManus's water rights. Faust and McManus also allege that they "are suffering direct and irreparable harm . . . as a result of Utility Solutions' and/or the [Water District's] violations of the Montana Water Use Act." The amended complaint includes a request to the District Court to "issue an injunction against Utility Solutions' and the [Water District's] violations of the Montana Water Use Act."

¶8 Faust and McManus also ask the District Court to impose civil penalties against Utility Solutions pursuant to § 85-2-122, MCA, the civil penalty provision of the Water Use Act. Faust and McManus conclude their amended complaint by asking the District Court to award attorney fees pursuant to § 85-2-125(3), MCA (renumbered as § 85-2-125(2), MCA). Faust and McManus also seek attorney fees under the private attorney general doctrine.

¶9 Utility Solutions moved the court to dismiss the complaint pursuant to M. R. Civ. P. 12(b)(6). The Water District filed a separate motion to dismiss. The District Court granted

3

the motions to dismiss on October 16, 2006, on the grounds that Faust and McManus lacked standing to enforce the Montana Water Use Act.

¶10 Faust and McManus appealed the District Court's ruling on November 22, 2006. DNRC issued the requisite groundwater appropriation approval to Utility Solutions, however, approximately two weeks before Faust's and McManus's appeal. Utility Solutions moved this Court to dismiss the appeal as moot in light of DNRC's issuance of the final groundwater appropriation permits. We dismissed Utility Solutions' motion without prejudice to allow the parties to brief fully the merits of Faust's and McManus's appeal.

## STANDARD OF REVIEW

¶11 A district court's decision to grant a motion to dismiss under M. R. Civ. P. 12(b)(6) presents a conclusion of law. *Bar OK Ranch, Co. v. Ehlert*, 2002 MT 12, ¶ 31, 308 Mont. 140, ¶ 31, 40 P.3d 378, ¶ 31. We review a district court's conclusion of law to determine whether the court correctly interpreted the law. *Bar OK Ranch, Co.*, ¶ 31.

## DISCUSSION

¶12 *Does DNRC's issuance of final permits for appropriating groundwater to Utility Solutions render moot Faust's and McManus's requests for an injunction, civil penalties, and attorney fees?*

¶13 Utility Solutions maintains that DNRC's issuance of final groundwater appropriation permits renders moot the claims presented by Faust and McManus. Faust and McManus argue that the current legal status of Utility Solutions' groundwater pumping does not render moot their claims with respect to Utility Solutions' earlier unauthorized pumping of

4

groundwater. Faust and McManus implicate the Water District only in their request for injunctive relief. Our resolution of that issue eliminates the need to address the Water District's involvement in the proceedings. We focus, therefore, on Faust's and McManus's claims only as they relate to Utility Solutions.

¶14 A justiciable controversy must exist for this Court to adjudicate a dispute. *Clark v. Roosevelt County*, 2007 MT 44, ¶ 11, 336 Mont. 118, ¶ 11, 154 P.3d 48, ¶ 11. This Court will not render advisory opinions. *Clark*, ¶ 11. We limit our rulings to those matters in which we can grant effective relief. *Clark*, ¶ 11.

Claim for Injunctive Relief

¶15 Faust and McManus allege in their amended complaint that they "are suffering direct and irreparable harm . . . as a result of Utility Solutions' . . . violations of the Montana Water Use Act." Faust's and McManus's amended complaint also alleges that their "water rights will be adversely affected . . ." if DNRC approves Utility Solutions' groundwater pumping. Faust and McManus correctly assert that DNRC's decision to approve Utility Solutions' groundwater appropriation does not directly address any adverse effects that Faust and McManus may be suffering as a result of Utility Solutions' current groundwater pumping. DNRC's decision also does not address the alleged past violations of the Montana Water Use Act committed by Utility Solutions. DNRC's issuance of final permits to Utility Solutions effectively ended, however, any on-going violations of the Water Use Act by Utility Solutions.

¶16 Faust's and McManus's request for injunctive relief seeks only to end those acts committed by Utility Solutions that violate the Water Use Act. Their request for injunctive

5

relief does not seek to end Utility Solutions' now authorized groundwater pumping. "An injunction will not issue to restrain an act already committed. Injunction is not an appropriate remedy to procure relief for past injuries, it is to afford preventive relief only." *Bouma v. Bynum Irrigation District*, 139 Mont. 360, 364, 364 P.2d 47, 49 (1961) (citations omitted). Utility Solutions now has obtained the requisite DNRC approval. Utility Solutions has ceased violating the Act. We conclude that DNRC's issuance of the final groundwater appropriation permits renders moot Faust's and McManus's request for injunctive relief. *Clark*, ¶ 11.

¶17 Faust and McManus seek attorney fees in their amended complaint pursuant to § 85-2-125(2), MCA, in connection with their request for injunctive relief. Section 85-2-125(2), MCA, directs a court to award attorney fees to "[t]he party obtaining injunctive relief in an action to enforce a water right . . . ." DNRC's issuance of the final permits for groundwater appropriation prevents Faust and McManus from obtaining injunctive relief against Utility Solutions' violations of the Water Use Act. ¶ 16, *supra*. We similarly conclude that the Utility Solutions' receipt of final permits also renders moot Faust's and McManus's request for attorney fees pursuant to § 85-2-125(2), MCA.

¶18 Faust and McManus also seek attorney fees under the private attorney general doctrine. Faust and McManus must succeed in some measure in the underlying controversy in order to obtain attorney fees pursuant to the private attorney general doctrine. *Grabow v. Montana High School Ass'n*, 2002 MT 242, ¶ 17, 312 Mont. 92, ¶ 17, 59 P.3d 14, ¶ 17; *see Laudert v. Richland County Sheriff's Dept.*, 2001 MT 287, ¶ 20, 307 Mont. 403, ¶ 20, 38 P.3d 790, ¶ 20. Faust and McManus no longer can succeed in their underlying claim for

6

injunctive relief. ¶ 16, *supra*. Faust and McManus cannot recover attorney fees under the private attorney general doctrine with regard to their claim for injunctive relief.

Claim for Civil Penalties

¶19 Faust's and McManus's amended complaint separately asks the court to impose civil penalties against Utility Solutions pursuant to § 85-2-122, MCA, for its violations of the Montana Water Use Act. Section 85-2-122(2), MCA, states that a person who violates certain provisions of the Water Use Act or any order or rule of DNRC "is subject to a civil penalty not to exceed $1,000 per violation." The violator may incur a $1,000 penalty for each separate day of violation. Section 85-2-122(2), MCA.

¶20 Faust and McManus allege that "[d]espite the fact that it does not have any exercisable water rights, Utility Solutions has begun appropriating water . . . ." Courts must consider a non-moving party's allegations of fact as true when reviewing a motion to dismiss. *Bar OK Ranch, Co.*, ¶ 31. DNRC's subsequent decision to issue final permits to Utility Solutions does not necessarily eliminate Utility Solutions' liability for any past violations that it may have committed under the Water Use Act. The District Court's dismissal of Faust's and McManus's request for civil penalties pursuant to § 85-2-122, MCA, remains a justiciable issue. We turn, therefore, to Faust's and McManus's argument that the Montana Water Use Act creates a right of action that allows private citizens to enforce its civil penalty provisions.

¶21 *Does the Montana Water Use Act create a private right of action that allows Faust and McManus to enforce the civil penalty provisions of the Act?*

7

¶22    The District Court granted Utility Solutions' motion to dismiss by concluding that no private right of action exists under Montana's Water Use Act. Faust and McManus attempted to pursue two distinct private actions under the Water Use Act. Faust and McManus continue to argue on appeal that § 85-2-125(2), MCA, provides a statutorily based right of action for private citizens to seek an injunction. They further contend that by providing a private right of action for an injunction, § 85-2-125(2), MCA, implicitly enables private citizens to enforce the Water Use Act's civil penalty provisions found at § 85-2-122, MCA.

¶23    DNRC's issuance of final permits to Utility Solutions renders moot Faust's and McManus's attempt to obtain an injunction through the Water Use Act. ¶ 16, *supra*. Accordingly, we need not consider whether the Water Use Act authorizes a private cause of action for injunctive relief. We consider only whether the Montana Water Use Act creates a right of action that allows private citizens to enforce its civil penalty provisions.

¶24    Whether a statute creates by implication a private cause of action presents a matter of statutory construction. *Wombold v. Assoc. Financial Services Co.*, 2004 MT 397, ¶ 35, 325 Mont. 290, ¶ 35, 104 P.3d 1080, ¶ 35, *overruled on other grounds by Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 17 n. 3, 338 Mont. 423, ¶ 17 n. 3, 166 P.3d 451, ¶ 17 n. 3. We consider the following four factors when construing a statute for this purpose: (1) consistency within the statute as a whole; (2) the intent of the legislature considering the statute's plain language; (3) the avoidance of absurd results; and (4) any construction of the statute by the agency charged with its administration. *Montana Power Co. v. Cremer*, 182

8

Mont. 277, 280-81, 596 P.2d 483, 485 (1979). We also examine legislative history to determine whether a statute implicitly creates a private cause of action. *See Wombold*, ¶ 34.

¶25    We note initially that the Water Use Act's provision entitled "judicial enforcement" refers only to actions initiated by DNRC, the attorney general, or the county attorney. Section 85-2-114, MCA. Section 85-2-114, MCA, does not provide expressly for an action brought by a private citizen. Section 85-2-114(3), MCA, provides specifically for enforcing the civil penalty provisions "without being requested to do so by the department." This provision refers, however, only to the county attorney's authority to initiate such an action. Section 85-2-114(3), MCA.

¶26    Faust and McManus argue that the Water Use Act allows for private enforcement based on the language of its attorney fee provision. The attorney fee provision requires the district court to award reasonable costs and attorney fees in an action to "enjoin the use of water by a person that does not have a water right." Section 85-2-125(2), MCA. The attorney fee provision addresses actions seeking injunctive relief. Nothing in the attorney fee provision suggests that a private party can enforce the civil penalty provisions of the Water Use Act.

¶27    The civil penalty provision of the Water Use Act admittedly does not expressly prohibit enforcement actions by private citizens. Section 85-2-122(2), MCA, states merely that a violator "is subject . . ." to a penalty. Indeed, the statute accounts for the collection of fines imposed as civil penalties by either DNRC, the county attorney, or "a district court . . . ." Sections 85-2-122(3)(a) and (b), MCA. These deposit provisions do not explicitly limit who may bring an action to enforce the civil penalty provision when a district court collects

9

the fine. A district court must deposit any collected civil penalty fines, however, into an account maintained specifically for the judicial enforcement provision found at § 85-2-114, MCA. Section 85-2-122(3)(a), MCA.

¶28 Thus, the statute accounts for the fines collected by the district court pursuant to the civil penalty provision. The statute earmarks such fines for the enforcement of a provision that refers to actions initiated only by governmental entities. Furthermore, the civil penalty provision creates an allowance for an "independent action." Section 85-2-122(3)(b), MCA. Section 85-2-122(3)(b), MCA, employs this term, though only in reference to an action brought by the county attorney. The statute makes no reference to an "independent action" in any other context.

¶29 The Water Use Act's legislative history further casts doubt on the availability of a private right of action to enforce the Act's civil penalty provisions. Representative Jim Shockley sponsored House Bill 570 (HB 570) in 2001. Mont. H. 570, 57th Leg., Reg. Sess. (Feb. 13, 2001). HB 570 introduced the provisions in the Water Use Act that authorize and account for the county attorney's ability to enforce civil penalty provisions. HB 570 amended § 85-2-114(3), MCA, to authorize the county attorney to bring an action under the civil penalty provisions. Mont. H. 570, 57th Leg., Reg. Sess. at 1. HB 570 also amended § 85-2-122(3), MCA, to account for any fines collected as a result of an "independent action" brought by the county attorney to enforce the civil penalty provisions. Mont. H. 570, 57th Leg., Reg. Sess. at 2. Representative Shockley stated the bill would clarify that, in addition to DNRC and the attorney general, a county attorney had the authority to enforce the civil

10

penalty provisions of the Water Use Act. Mont. H. Jud. Comm., *Hearing on H. 570*, 57th Leg., Reg. Sess. (Feb. 16, 2001).

¶30    To allow private citizens to enforce the civil penalty provisions of the Montana Water Use Act would run counter to the judicial enforcement framework set forth in the Act. Both the plain language of the statute and legislative history reveal the legislature's intent to task DNRC, the attorney general, or the county attorney with enforcing the Water Use Act's civil penalty provisions. We hold that the Montana Water Use Act does not create a private right of action to enforce its civil penalty provisions. We emphasize that we do not address whether the Act allows for a private right of action for injunctive relief.

¶31    Faust's and McManus's amended complaint also includes a request for attorney fees pursuant to the private attorney general doctrine in pursuit of their civil penalties claim. Faust's and McManus's claim for attorney fees under the private attorney general doctrine must fail in light of our determination that no private right of action exists to enforce the Water Use Act's civil penalty provisions. *Grabow*, ¶ 17.

¶32    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ JIM RICE