FILED

January 26 2010

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 09-0321

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 13N

KEVIN NELSON,

       Petitioner and Appellant,

  v.

MAYOR AND THE COUNCIL MEMBERS OF
THE CITY OF BILLINGS, MONTANA, in their
official capacity, JOHN DOES 1-10,

       Respondents and Appellees.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DV 09-0140
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Kevin Nelson, self represented, Billings, Montana

       For Appellee:

       John K. Addy, Deputy City Attorney, Billings, Montana

Submitted on Briefs:  November 25, 2009

Decided:  January 26, 2010

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Kevin Nelson appeals the District Court's order dismissing his petition for a permanent injunction.  We affirm.

¶3     The Billings City Council (City) first voted to approve the South Billings Boulevard Urban Renewal Tax Increment Financing District (District) on November 26, 2007.  The City voluntarily withdrew the proposal on March 25, 2008, following a request from the Montana Department of Revenue (DOR) for additional documentation required by §§ 7-15-4202, 4210, and 4215, MCA.  The City adopted Ordinance No. 08-5462, creating the South Billings Boulevard Renewal District on May 12, 2008.  The ordinance went into effect on June 12, 2008.  Section 7-5-105, MCA.  The City again submitted the required materials to DOR.  DOR approved the District on August 28, 2008.

¶4     Nelson filed a pro se petition seeking a permanent injunction against imposition of the District on February 4, 2009.  The City moved to dismiss the petition on March 2, 2009, on the grounds that Nelson had exceeded the six-month statute of limitations period stipulated by § 27-2-209(5), MCA.  The District Court found that Nelson had in fact exceeded the six-month statute of limitations by nearly seven weeks, and granted the City's motion to dismiss on that basis.

2

¶5 Section 27-2-209(5), MCA, stipulates a six-month statute of limitations from "the date of the written decision" of the "municipality." The City created the District on May 12, 2008. The six-month statute of limitations would have expired on November 12, 2008.

¶6 Nelson claims on appeal that the statute of limitations actually runs from the time that DOR approved the District on August 28, 2008. Nelson argues, therefore, that the statute of limitations had not run by the time he filed his claim on February 4, 2009. Nelson predicates his argument on the notion that the statute of limitations set out at § 27-2-209(5), MCA, was tolled until the DOR approved the District.

¶7 A district court's ruling on a motion to dismiss under M. R. Civ. P. 12(b)(6) presents a conclusion of law. *Faust v. Util. Solutions, LLC*, 2007 MT 326, ¶ 11, 340 Mont. 183, 173 P.3d 1183. We review a district court's conclusions of law for correctness. *Faust*, ¶ 11.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2006, that provide for memorandum opinions. It is manifest on the face of the briefs and the record before us that the District Court correctly applied the law.

¶9 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON

3