NO. 93-201

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

JAMES TALCOTT CONSTRUCTION,
INC., a Montana corporation,

Plaintiff and Appellant,

v.

P & D LAND ENTERPRISES, a joint venture
consisting of NDI, INC., a Montana corporation*
STERLING INVESTMENTS, INC., a Montana corpora-
tion; and BVL/WHITEFISH, a California corpora-
tion: DAN L. AVERILL; NDI, INC.: STERLING
INVESTMENTS, INC.: BVL/WHITEFISH; EDSEL J.
AUCOIN and D'ANNE L. AUCOIN; J. STEPHENS ALLAN
and MARJORIE J. ALLAN; P & D ENTERPRISES; JAMES R.
OLSON, as Trustee for the JOMAR RETIREMENT TRUST:
KENNETH W. SUTTON: ELLEN W. WEEKS: DONALD J.
CORVAN and ELAINE CORVAN; EDWARD W. COLLINS and
DORIS A. COLLINS; LAWRENCE F. ROONEY and ROSALIA
ROONEY; ROBERT J. KIMBALL: WILLIAM H. KIMBALL, JR.;
WILLIAM R. CONNORS and KIM M. CONNORS: MARK POAD;
TODD ERICKSON and RENEE ERICKSON: AVECO PROPERTIES,
INC.: ADRIENNE J. BELL: DOROTHY R. CHIANELLI and
GERALD W. CHIANELLI, as Co-Trustees of the DOROTHY
R. CHIANELLI TRUST,

Defendants and Respondents.

FILED

OCT 26 1993

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District,
                In and for the County of Flathead,
                The Honorable Ted O. Lympus, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Jack L. Lewis and William J. Jacobsen, Jardine,
                Stephenson, Blewett & Weaver, P.C., Great Falls,
                Montana

For Respondents:

Daniel W. Hileman, Murray & Kaufman, P.C.,
Kalispell, Montana

Randall Ogle, Ogle & Worm, Kalispell, Montana

Submitted on Briefs: September 9, 1993

Decided: October 26, 1993

Filed:

_____
/Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

James Talcott Construction, Inc. (Talcott), appeals from an order of the District Court for the Eleventh Judicial District, Flathead County, approving a letter of credit as a surety bond. We reverse and remand for further proceedings consistent with this Opinion.

The issue is whether the letter of credit constitutes a surety bond within the meaning of § 71-3-551, MCA.

Talcott brought this action to foreclose upon a construction lien upon certain condominium units in Flathead County, Montana. The lien, which Talcott filed in July 1992, was for construction work on the condominiums between August 1991 and May 1992. Respondent P & D Land Enterprises (P & D) was the contracting owner of the condominiums. As co-trustees of the Dorothy R. Chianelli Trust, respondents Dorothy R. Chianelli and Gerald W. Chianelli (the Chianellis) had purchased a condominium unit before Talcott filed its construction lien.

Ten days after this action was filed, P & D provided the District Court with an "Irrevocable Standby Letter of Credit" issued by the Mountain Bank of Whitefish, as a bond in lieu of Talcott's lien. The District Court approved and accepted the letter of credit, which was addressed to the Clerk of District Court. It stated:

3

RE:     Irrevocable Standby Letter of Credit #MB772
Account of:    P & D Land Enterprises, A Montana Joint Venture
               dba Whitefish Lake Lodge
Amount of:    $121,057.94
Expiration:    October 6, 1995

Dear Sir:

Mountain Bank hereby establishes a Standby Irrevocable
Letter of Credit for the sum not exceeding a total of One
Hundred Twenty-One Thousand Fifty-Seven and 94/100
($121,057.94) Dollars for the account of P & D Land
Enterprises, a Montana Joint Venture dba Whitefish Lake
Lodge.  This Letter of Credit is issued as a bond in lieu
of lien $9219810350 filed by James Talcott Construction
on 7/15/92, instrument #9219810350 in the amount of
$143,912.81, and amendment lien #9227509510 filed
10/1/92, instrument #9227509510 in the amount of
$80,705.29.

Upon notification by Clerk of District Court that a final
judgement has been extended in favor of the lienor
against this bond or if this Letter of Credit is not
renewed 30 days prior to expiration, Mountain Bank, the
issuer of this Letter of Credit unconditionally promises
to pay the amount of the judgement together with any
interest cost, attorney fees and other sums which such
claimant would be entitled to cover upon the foreclosure
of a lien against the principal sum up to the amount of
$121,057.94.

Draws on this Letter of Credit shall be made by the Clerk
of District Court, Flathead County, and will refer to
Standby Letter of Credit #MB772, and be presented along
with supporting documents to the office of Mountain Bank,
306 Spokane Ave., Whitefish, Montana on or before October
6, 1995.

This Letter of Credit is subject to the Montana Uniform
Commercial Code and the Uniform Custom and Practice for
Documentary Credits (1983 Revision) International Chamber
of Commerce Document #400.

                    Mountain  Bank

**Talcott** filed objections to the irrevocable letter of credit as a bond. It argued that the letter of credit was not timely submitted to the District Court and that it was not a bond within the meaning of § '71-3-551, MCA.

After a hearing, the District Court ruled that the letter of credit was timely and met the requirements of § 71-3-551, MCA. The court entered an order approving the letter of credit. **Talcott** appeals.

Before filing its response brief on appeal, P & D moved to dismiss this appeal on grounds that **Talcott** failed to comply with Rules 9(b) and 10(a), **M.R.App.P.**, concerning transmittal of the transcript. This Court denied that motion by order dated June 15, 1993.

In their response briefs, both respondents again contend that this appeal should be dismissed, arguing that no appealable order has been entered pursuant to Rule 1, **M.R.App.P.** That rule provides, in relevant part:

> (b) In civil cases a party aggrieved may appeal from a judgment or order, except when expressly made final by law, in the following cases:
>
> . . .
>
> (2) From an order . . . dissolving or refusing to dissolve an **attachment**[.]

Rule l(b)(2), **M.R.App.P.**

Respondents argue that this provision applies only to <u>writs</u> of attachment. However, by its plain terms, the rule speaks of

5

"attachments," not **"writs** of attachment." Title 71, Chapter 3, Part 5 clearly creates and provides for the **"attachment"** of construction liens. For example, **§ 71-3-535(1),** MCA, provides the circumstances under which a lien "attaches." Section **71-3-541(2),** MCA, provides that **"[c]onstruction** liens attaching at different times have priority in the order of attachment," and **§ 71-3-542(1), (2), and (4),** MCA, provides for the relative priority of interests attaching to real property before or after a construction lien "attaches." We conclude that an "attachment" exists under Rule **l(b)(2), M.R.App.P.,** through a perfected construction lien as well as through a writ of attachment.

In reaching this conclusion, we respect the significance of a lien as a property right. The right to retain a lien until the debt secured thereby is paid is a substantive property right. Security-First Nat. Bank v. Rindge Land & Navigation Co. (9th Cir. **1936),** 85 **F.2d** 557, 561, reh. den. 86 **F.2d** 3, cert. den. 299 U.S. 613, reh. den. 300 U.S. 686. Therefore, the discharge of a lien amounts to deprivation of a substantive property right. Section 71-3-552, MCA, provides that, upon the filing of a bond, a lien against real property **"shall** forthwith be discharged and released in full and the bond shall be substituted for such lien."

We conclude that the discharge of the lien through the substitution of the letter of credit is a proper basis for appeal to this Court under Rule l(b)(2), **M.R.App.P.** We therefore deny the respondents' second motion to dismiss this appeal.

6

Does the letter of credit constitute a surety bond within the meaning of § 71-3-551, MCA?

Section 71-3-551, MCA, provides:

**Substitution of bond allowed -- filing -- amount -- condition.** (1) Whenever a construction lien has been filed upon real property or any improvements thereon, the contracting owner of any interest in such property, whether legal or beneficial, **may, at any time** before the lien claimant has commenced an action to foreclose such lien, file a bond with the clerk of the district court in the county in which such property is situated . . . .

(2) Such bond shall be in an amount $1\frac{1}{2}$ times the amount of the lien and shall be either in cash or written by a corporate surety company. If written by a corporate surety, such bond shall be approved by a judge of the district court with which such bond is filed.

(3) The bond shall be conditioned that if the lien claimant shall be finally adjudged to be entitled to recover upon the claim upon which his lien is based, the principal or his sureties shall pay to such claimant the amount of his judgment, together with any interest, costs, attorneys' fees, and other sums which such claimant would be entitled to recover upon the foreclosure of a lien against the principal.

Talcott argues that the bond filed in this case does not meet the requirements of § 71-3-551, MCA, in that it was filed too late, it was not written by a corporate surety company, and it imposes conditions of notification, payment, and other conditions not authorized by the statute.

The District Court ruled that the bond was timely filed, reasoning that it was approved before any defendant was served with process. The court also reasoned that, because a bond "may" be filed at any time before the lien claimant has commenced an action to foreclose the lien, the statutory provision is not mandatory.

Respondents argue that there is no time requirement under the statute.

We disagree. Section 71-3-551, MCA, is elective only in that a bond need not be filed at all, in which case the existing lien will remain in effect. The word "may" relates to the phrase "file a bond." Nothing in the statute authorizes a bond to be filed after the lien claimant has commenced an action to foreclose the lien. The logical purpose for the statutory filing deadline is to eliminate wasted costs and effort of commencing foreclosure actions only later rendered moot by the filing of a bond.

In this case, the letter of credit was filed ten days after the complaint was filed in the foreclosure action. We hold that the District Court erred in ruling that the bond was timely filed.

The District Court also ruled that Mountain Bank meets the statutory definition of a corporate surety company found at § 33-26-101, MCA:

> any corporation with a paid-up capital of not less than $100,000, incorporated under the laws of this state for the purpose of making, guaranteeing, or becoming a surety upon bonds or undertakings required or authorized by law[.]

We again disagree. The articles of incorporation of Mountain Bank, which Talcott filed in the District Court as an exhibit, show that Mountain Bank was incorporated for the purpose of conducting the business of banking, not for "making, guaranteeing, or becoming a surety upon bonds or undertakings required or authorized by law."

We hold that the District Court erred in ruling that Mountain Bank is a corporate surety company as defined at § 33-26-101, MCA.

The District Court did not specifically address the other restrictions on the face of the bond which are questioned by Talcott. Those include: that it is governed by the Montana Uniform Commercial Code and the Uniform Custom and Practice for Documentary Credits (1983 Revision) International Chamber of Commerce Document #400; that it is expressly conditioned to expire on October 6, 1995; and that it is payable only upon the clerk of court doing certain enumerated things. In contrast, the statutory conditions of a lien release bond are set forth at § 71-3-551(3), MCA. That statute requires the principal or his surety to immediately pay a construction lien claimant any judgment the claimant receives. The statute further requires that a lien release bond remains effective until such judgment is satisfied or set aside. We hold that the letter of credit in this case imposes conditions not authorized by § 71-3-551, MCA.

In conclusion, the letter of credit from Mountain Bank was untimely filed, was not written by a corporate surety company as defined at § 33-26-101, MCA, and imposes conditions not authorized by § 71-3-551, MCA. We therefore reverse the District Court's order accepting the letter of credit as a bond and remand this matter for further proceedings consistent with this Opinion.

_____
Chief Justice

We concur:

_John Conway Harrison_

_Terry Trieweiler_

_[signature]_

_William E. Hunt Sr._
Justices