No. 01-274

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 98

RICHARD S. SHEPHERD, d/b/a WEBER CO.,

        Plaintiff/Appellant/Cross-Respondent,

   v.

CARBON COUNTY BOARD OF COMMISSIONERS
and DOES A-Z,

        Defendant/Respondent/Cross-Appellant.

APPEAL FROM:    District Court of the Twenty-Second Judicial District,
                     In and for the County of Carbon,
                     The Honorable Blair Jones, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Jacqueline T. Lenmark, Keller, Reynolds, Drake, Johnson & Gillespie, P.C.,
                Helena, Montana

        For Respondent:

                Steven R. Milch, Crowley, Haughey, Hanson, Toole & Dietrich, Billings,
Montana

                    Submitted on Briefs:  November 2, 2001

                               Decided:  May 9, 2002

Filed:

_____
                     Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1    The Appellant, Richard S. Shepherd, brought an action in the District Court for the Twenty Second Judicial District in Carbon County in which he alleged that the Respondents, the Carbon County Board of Commissioners and Does A-Z, violated his civil rights and were negligent when the County Treasurer redeemed real property for which Weber Co. held an assignment of the tax sale certificate without collecting the full sum statutorily required for redemption. The District Court dismissed the civil rights claim, denied Respondents' motion for attorney fees and costs, and granted summary judgment to Respondents on the issue of negligence. Shepherd appeals the order of the District Court which dismissed his civil rights claim and from the District Court order which granted summary judgment to Respondents. The Respondents cross-appeal the District Court's order which denied their motion for attorney fees. We affirm in part, reverse in part, and remand to the District Court for further proceedings.

¶2    The following issues are presented on appeal:

¶3    1.    Did the District Court err when it concluded that Shepherd's § 1983 claim failed to state a claim upon which relief can be granted?

¶4    2.    Did the District Court err when it granted summary judgment to Carbon County on the issue of negligence?

¶5    3.    Did the District Court err when it denied Carbon County's motion for attorney fees and costs of suit?

FACTUAL BACKGROUND

2

¶6 On November 17, 1998, the Carbon County Treasurer issued an assignment of tax sale certificate for the Roman Theater in Red Lodge, Montana, to the Appellant, Richard S. Shepherd. The redemption period for the property was to expire on February 13, 1999. However, on February 8, 1999, the record owner, Tom Averill, redeemed the property by paying $4,407.28. The Carbon County Treasurer unintentionally overlooked an additional $56.30 for the interest which had accrued between the December 15, 1998, date of Notice That a Tax Deed May Be Issued and the date of redemption.

¶7 On October 28, 1999, Shepherd filed a complaint in the District Court for the Twenty Second Judicial District in Carbon County in which he alleged that the County's failure to collect the statutorily required amount for redemption deprived him of a property interest without due process of law. Shepherd requested general damages in an amount later determined to be $250,000.00, punitive damages, and attorney fees and costs pursuant to 42 U.S.C. § 1983. On November 22, 1999, $56.30 plus interest was tendered by the County to Shepherd, but that amount was rejected. Shepherd added a negligence claim in an Amended Complaint filed on March 21, 2000.

¶8 On August 4, 2000, following a hearing, the District Court dismissed the § 1983 claim but denied the County's motion for attorney fees as the prevailing party. On January 17, 2001, the District Court awarded summary judgment to the County on the negligence claim, subject to payment of the $60.73 of accumulated interest then owed to Shepherd. Shepherd now appeals from the

3

District Court's order which dismissed his § 1983 claim and from the order which granted summary judgment to the County on the issue of negligence. The County cross-appeals that portion of the District Court's order which denied its motion for attorney fees as the prevailing party to a § 1983 suit. We affirm in part, reverse in part, and remand to the District Court for further proceedings consistent with this opinion.

DISCUSSION

ISSUE 1

¶9   Did the District Court err when it concluded that Shepherd's § 1983 claim failed to state a claim upon which relief can be granted?

¶10  Whether a complaint fails to state a claim upon which relief can be granted is a conclusion of law subject to this Court's determination of whether a district court's interpretation of the law is correct. *Boreen v. Christensen* (1994), 267 Mont. 405, 408, 884 P.2d 761, 762.

¶11  Shepherd argues that he has properly stated a claim pursuant to 42 U.S.C. § 1983 because a tax lien is a substantive property right that may not be taken without due process and compensation. He cites our holding in *James Talcott Const., Inc. v. P&D Land Enter.* (1993), 261 Mont. 260, 862 P.2d 395, for the notion that a tax lien is a constitutionally protected property right and, based on that premise, contends that the County's failure to collect the full amount required for redemption violated his civil rights and entitled him to damages and attorney fees pursuant to § 1983.

4

¶12  The County contends that before § 1983 can be implicated, Shepherd has to demonstrate that he lost a property right and that, in this case, he had none to lose.  The County asserts that as a matter of law the assignee of a tax sale certificate has a mere inchoate right which can ripen into title under circumstances that did not occur in this case because the property was redeemed.

¶13  Without discussing whether Shepherd had a property right, we conclude that his claim fails as a matter of law for other obvious reasons.  To prevail on a § 1983 claim, "the plaintiff must establish:  (1) a violation of rights protected by the United States Constitution or created by federal statute, (2) proximately caused (3) by conduct of a "person" (4) acting under color of state law."  *Orozco v. Day* (1997), 281 Mont. 341, 347, 934 P.2d 1009, 1012.

¶14  The right Shepherd alleges was violated was his right to due process guaranteed by the Fourteenth Amendment to the United States Constitution.  However, the process he was due is set forth at §§ 15-18-111 to -114, MCA, pertaining to redemption of tax liens and, except for the inadvertent miscalculation of the interest due, that process was followed.

¶15  The miscalculation was, at most, a ministerial error.  It resulted in an underpayment of $56.30 which was later tendered with interest but rejected by Shepherd.  To equate this miscalculation with a denial of due process would trivialize the Constitution and the important remedial purpose that § 1983 serves.  Because there was no denial of due process, there was no § 1983 claim.

5

Therefore, we hold that the District Court did not err when it concluded that Shepherd's § 1983 claim should be dismissed pursuant to Rule 12(b)(6), M.R.Civ.P. Accordingly, that portion of the District Court's August 4, 2000, order is affirmed.

## ISSUE 2

¶16 Did the District Court err when it granted summary judgment to Carbon County on the issue of negligence?

¶17 The District Court granted summary judgment to the County based on its conclusion that § 15-18-114, MCA, provides that when a tax lien is redeemed, a prospective tax deed purchaser is owed the money paid plus interest. Therefore, the District Court reasoned that § 15-18-114, MCA, provides the remedy for the lienholder and limits the amount of recovery. The District Court noted that $56.30 of interest was owed, and that that amount, plus interest, was offered prior to litigation.

¶18 Shepherd contends that the District Court erred when it dismissed the negligence claim by summary judgment. First, Shepherd contends that the procedure for redeeming tax liens is set forth at §§ 15-18-112, -113, MCA, and that because the County did not comply with that procedure, the Treasurer was negligent for which he is entitled to compensatory damages. Second, Shepherd contends that § 15-18-114, MCA, merely outlines the redemption procedure when the property is properly redeemed. According to Shepherd, it does not apply to a situation such as this where a negligence action is brought for improperly extinguishing a lien. Shepherd contends that the applicable statute is § 27-1-317, MCA,

6

which provides that for breach of an obligation not arising from a contract, the measure of damages is the amount which compensates for all detriment caused.

¶19 Regardless of the statute relied on, Shepherd was tendered all the damage caused by the Treasurer's omission when he was offered $56.30 plus interest on November 22, 1999. Had the Treasurer not been mistaken, that is the full additional amount he would have received. Once tendered, it was no longer owed. Without damages, there is no claim for negligence. Accordingly, the District Court's order which granted summary judgment to the County on the issue of negligence is affirmed.

ISSUE 3

¶20 Did the District Court err when it denied Carbon County's motion for attorney fees and costs of suit?

¶21 On cross-appeal, the County contends that the District Court erred when it declined to award the County attorney fees as the prevailing party on a § 1983 claim. The District Court found that Shepherd's action was not unreasonable or vexatious, and on that basis declined to award attorney fees to the County. We review a district court's findings of fact to determine whether they are clearly erroneous. *Daines v. Knight* (1995), 269 Mont. 320, 324, 888 P.2d 904.

¶22 A district court may award attorney fees to a prevailing defendant upon finding that the plaintiff's action was frivolous, unreasonable, or without foundation. *Hughes v. Rowe* (1980), 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163. Furthermore, an

7

award of attorney fees to the prevailing defendant in a § 1983 case is warranted if a plaintiff continued to litigate after it became apparent that his action lacked factual or legal substance. *See, e.g., Hughes*, 449 U.S. at 15, 101 S.Ct. at 178.

¶23 Despite Shepherd's contentions at the hearing that the amount the Treasurer failed to charge for redemption is irrelevant, we conclude that bringing a civil rights claim resulting from a clerical error that amounted to $56.30 of damages is unnecessary, vexatious, and without basis in Montana law. It is disingenuous at best to contend that by virtue of a ministerial mistake, Shepherd has suffered denial of due process for which he is entitled to damages over and above the amount to which he would have recovered pursuant to § 15-18-114, MCA, had no clerical error ever occurred.

¶24 Therefore, we conclude that Shepherd's § 1983 claim was groundless, meritless, and vexatious and that the District Court's contrary finding was clearly erroneous. We note that even after Shepherd was tendered the full amount he was owed, he proceeded cavalierly to engage in litigation which required the County to defend his meritless claim. Given these circumstances, the County is entitled to its attorney fees and costs associated with its motion to dismiss the § 1983 claim. Accordingly, we remand to the District Court for a determination of that amount.

¶25 For these reasons, we affirm in part, reverse in part, and remand to the District Court for further proceedings consistent with this opinion.

                                        /S/ TERRY N. TRIEWEILER

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM REGNIER

Chief Justice Karla M. Gray, concurring in part and dissenting in part.

¶26   I join in the Court's opinion on issues one and two.  I respectfully dissent from that opinion on issue three, however, wherein the Court reverses the District Court's denial of the County's motion for attorney fees.

¶27   The Court correctly cites to *Hughes* for the test to be applied by a trial court in determining whether to award attorney fees to a defendant prevailing on an asserted §1983 claim.  Rephrased only slightly from the Court's opinion, the test is that, upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation, a district court may award attorney fees to a prevailing defendant.  In other words, first there must be an affirmative finding and, thereafter, the matter is within the court's discretion.

¶28   In the present case, the District Court did not make the predicate "frivolous, unreasonable or without foundation" finding.  Indeed, the District Court determined "[a]fter carefully considering the arguments at hearing on this matter that, while Shepherd's view . . .  [was] erroneous, it was advanced in a good faith argument."  Absent the predicate finding,  the District Court could not exercise its discretion in favor of the County on the matter of attorney fees.

¶29   This Court concludes that Shepherd's §1983 claim was groundless, meritless and vexatious, and that the District Court's finding to the contrary was clearly erroneous.  It does not say

which prong of the clearly erroneous test it applies in reaching that conclusion.

¶30  In my view, this Court has merely substituted its judgment for that of the District Court, the court most intimately acquainted with the particulars of the case.  It has done so even in the face of the District Court's statement that it carefully considered the arguments before it.

¶31  It is not this Court's job to decide whether we would have made a different finding than the District Court.  It is our job to accord the finding actually made the deference it is due--and accept it--unless the finding meets one of the oft-stated and well established prongs of our clearly erroneous test for findings entered by Montana's district courts.

¶32  Here, it is my view that the District Court's finding does not meet any prong of the clearly erroneous test and, therefore, the finding is not clearly erroneous.  I would affirm the District Court's denial of the County's motion for attorney fees, and I dissent from the Court's failure to do so.

/S/ KARLA M. GRAY