05-505

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 58

GEORGE W. EISENHART, III, d/b/a
EISENHART BUILDERS,

      Plaintiff and Appellee,

  v.

JOHN PUFFER and BLANCHE PUFFER, a/k/a
JOHN W. PUFFER, III, and BLANCHE E. PUFFER,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 2004-558A
Honorable Ted O. Lympus, Presiding Judge.

COUNSEL OF RECORD:

      For Appellants:

          Maxwell G. Battle, Jr., Battle & Edenfield, Kalispell, Montana

      For Appellee:

          Thomas T. Tornow, Attorney at Law, Whitefish, Montana

Submitted on Briefs:   July 18, 2007

Decided:   February 20, 2008

Filed:

_____
                Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 John and Blanche Puffer (Puffers) appeal from several orders of the Eleventh Judicial District, Flathead County, denying a motion for substitution of judge filed by the Puffers' surety, enforcing an arbitration award against the Puffers, awarding George Eisenhart (Eisenhart) attorney fees, and dismissing the Puffers' counterclaims. We affirm.

¶2 The Puffers raise ten issues on appeal that we consolidate into the following issues:

¶3 Whether the District Court properly denied the request for substitution of judge filed by the Puffers' surety.

¶4 Whether the District Court properly enforced the arbitration award against the Puffers and their surety.

¶5 Whether the District Court properly awarded attorney fees and costs to Eisenhart.

¶6 Whether the District Court properly dismissed the Puffers' counterclaims.

## PROCEDURAL AND FACTUAL BACKGROUND

¶7 The Puffers contracted with Eisenhart to build a house in Flathead County. The contract contained an arbitration provision. Disagreement on the contract price prompted Eisenhart to file a construction lien on the property on August 22, 2002. The Puffers filed a bond through their surety, Fidelity and Deposit Company of Maryland (F&D), on September 18, 2002, to release the construction lien. The dispute proceeded to arbitration. The arbitrator issued an award for Eisenhart.

¶8 Eisenhart filed a new action in District Court in August 2004, two years after receiving the arbitration award. In this new action, Eisenhart sought to foreclose the construction lien and sued for breach of contract, recovery pursuant to unjust enrichment,

2

and for recovery in *quantum meruit*. The court consolidated this action with the original construction lien action Eisenhart filed in 2002. The District Court issued a final judgment on the arbitration award in favor of Eisenhart. The Puffers responded by moving to alter or amend the judgment and stay the proceedings. The Puffers also filed a counterclaim.

¶9 Eisenhart sought to enforce the judgment on the arbitration award against the Puffers and F&D. Eisenhart moved on May 31, 2005, for an order to show cause why F&D should not be liable for the amount awarded to Eisenhart. The court issued the order to show cause on June 17, 2005, and set a hearing date. Eisenhart alleges that the Puffers' counsel refused to accept service on behalf of F&D, however, despite his representations that he also represented F&D. Eisenhart moved to continue the show cause hearing based on the Puffers' counsel's refusal to accept service. The District Court issued an amended order to show cause on June 28, 2005. The Puffers' counsel finally appeared on behalf of F&D on July 12, 2005. The Puffers' counsel filed a motion for substitution of judge on behalf of F&D three days later.

¶10 The District Court denied F&D's motion for substitution of judge based on its determination that the Puffers' right to file such a motion had expired. The court concluded that F&D, as the Puffers' surety, possessed no independent right to file the motion under § 3-1-804, MCA. The District Court confirmed the arbitration award against the Puffers and F&D. The District Court confirmed Eisenhart's attorney fees and costs associated with arbitration and enforcing the arbitration award. The District Court also dismissed the Puffers' counterclaims after the Puffers had failed to respond to Eisenhart's motion to dismiss.

3

**DISCUSSION**

¶11     *Whether the District Court properly denied the request for substitution of judge filed by the Puffers' surety.*

¶12     The Puffers argue that the District Court wrongly determined that F&D's time for filing a motion for substitution of judge expired when the Puffers' right to file this same motion expired.  The Puffers maintain that F&D had an independent right to file the motion free from the Puffers' time constraints.  The Puffers point to the fact that F&D was not a named party to the action and had entered the action only by virtue of the order to show cause filed by Eisenhart.  The Puffers contend that F&D's timely exercise of its independent right to substitution pursuant to § 3-1-804, MCA, voided all orders entered after its filing.

¶13     A district court's ruling on a motion to substitute a district court judge presents a question of law.  We review a district court's conclusions of law to determine whether they are correct.  *Mattson v. Montana Power Co.*, 2002 MT 113, ¶ 7, 309 Mont. 506, ¶ 7, 48 P.3d 34, ¶ 7.

¶14     Section 3-1-804, MCA, sets forth the procedure for substituting a presiding district court judge.  A party must file a motion for substitution within thirty days after service of a summons or ten days after service of an order to show cause.  Section 3-1-804(c), MCA.  Subsequently joined parties generally are barred from filing a motion for substitution once the original party's time has expired.  *Mattson*, ¶¶ 13–14.  An exception exists, however, when a subsequently joined party can demonstrate adversity with its co-party to the action.  *Goldman Sachs Group v. Mont. Second Dist. Court*, 2002 MT 83, ¶ 17, 309 Mont. 289, ¶ 17, 46 P.3d 606, ¶ 17.

4

¶15 The District Court determined that no adversity existed between the Puffers and F&D. This absence of adversity rendered F&D's motion untimely in light of the fact that F&D filed its motion nearly a year after service of summons on the Puffers. The Puffers and F&D maintain, however, that they need not demonstrate adversity in order to establish an independent right to move for substitution of judge. They attempt to distinguish *Goldman* on the grounds that F&D was not a named party to the action and had entered the case pursuant to an order to show cause rather than by service of summons.

¶16 The Puffers' attempt to distinguish *Goldman* proves unavailing. We refused in *Mattson* to consider the manner in which the moving party entered the action. We held instead that § 3-1-804(1) states on its face that "[o]nce the time expires for the original parties to move for substitution, subsequently joined parties may not do so." *Mattson*, ¶¶ 13-14. The fact that F&D was not a named party to the action and entered the case pursuant to an order to show cause is irrelevant.

¶17 Moreover, we agree with the District Court that F&D cannot demonstrate adversity. The construction lien statute, § 71-3-551(3), MCA, entitles a successful lien claimant to recover either from the principal or directly from the surety. Section 71-3-551(3), MCA, makes no distinction between the Puffers and F&D regarding liability for Eisenhart's claim. F&D cannot demonstrate adversity with the Puffers under these circumstances.

¶18 F&D's motion would have been untimely regardless of F&D's ability to demonstrate adversity to the Puffers. The statute provides that a motion to substitute a judge must be filed within "[ten] consecutive days after service of an order to show cause. . . ." Section 3-1-804(c), MCA. The Puffers argue that the statutory period did not begin to run until July

5

12, 2005, when the Puffers' counsel finally accepted service of the order to show cause on behalf of F&D. As a result, the Puffers contend that F&D timely filed its motion to substitute a judge on July 15, 2005.

¶19    In fact, the court first issued the order to show cause on June 17, 2005. Eisenhart attempted service of the order on June 22, 2005. The Puffers' counsel refused to accept service, despite repeated efforts by Eisenhart. The Puffers' counsel also represented F&D, and thus F&D should have been on notice of the order to show cause proceeding. The court amended the order and finally issued it on June 28, 2005. The District Court accepted June 22, 2005, the date Eisenhart first attempted service on F&D, as the date to begin tolling the statutory period. We agree. F&D failed to comply with the ten day rule set forth in § 3-1-804(c), MCA. The District Court properly denied F&D's motion for substitution of judge.

¶20    *Whether the District Court properly enforced the arbitration award against the Puffers and their surety.*

¶21    The Puffers and F&D maintain that the arbitration award entered by the District Court may not be enforced against F&D. They allege that F&D's status as the surety insulated it from enforcement of the arbitration award. We review de novo a district court's conclusions of law, including whether an arbitration award is valid. *Wells Fargo Bank v. Talmage*, 2007 MT 45, ¶ 12, 336 Mont. 125, ¶ 12, 152 P.3d 1275, ¶ 12.

¶22    The Puffers filed a surety bond issued by F&D to release the Puffers' property from Eisenhart's construction lien on September 18, 2002. Section 71-3-551, MCA, provides that such bonds "shall be conditioned that if the lien claimant shall be finally adjudged to be entitled to recover upon the claim upon which his lien is based, *the principal or his sureties*

6

shall pay to such claimant the amount of his judgment. . . ." Section 71-3-551(3), MCA (emphasis added). The judgment in this case encompasses the arbitration award arising from the original construction lien claim. The statute clearly provides that a lien claimant may proceed against either the principal or his surety. Section 71-3-551(3), MCA.

¶23 We reiterated this principle in *James Talcott Const. v. P&D Land Ent.*, 261 Mont. 260, 862 P.2d 395 (1993), in which we stated that, as a condition of the bond, the statute "requires the principal or his surety to immediately pay a construction lien claimant any judgment the claimant receives." *James Talcott Const.*, 261 Mont. at 266, 862 P.2d at 399. The Puffers and F&D have pointed to no authority that contradicts this statutory provision. Their assertion that F&D's status as surety insulates it from enforcement finds no support from the clear language of § 71-3-551(3), MCA. We determine that the District Court properly enforced Eisenhart's arbitration award against F&D as surety on the construction lien bond.

¶24 The Puffers and F&D also contend that F&D's status as a non-party to the litigation to enforce the award rendered void the judgment against F&D. They argue that the District Court may not enter a judgment against a person or entity that is not a party to the litigation. It is axiomatic that a judgment cannot be entered against one who is not a party to the lawsuit. Even though the manner in which F&D was joined in this action can be described only as bizarre, we affirm the judgment against F&D.

¶25 Eisenhart's counsel elected not to file a third-party complaint against F&D. Eisenhart's counsel instead moved the District Court for an order to show cause why judgment for the amount owed by the Puffers should not be entered against F&D. No

7

summons was issued. The Puffers' counsel filed a brief resisting the order to show cause, but he did so on behalf of the Puffers, not on behalf of F&D. According to Eisenhart's counsel, the Puffers' counsel acknowledged that he represented F&D, but refused to accept service of the order to show cause. Eisenhart's counsel moved to postpone the requested show cause hearing for the reason that he had failed to serve F&D. The Puffers' counsel finally filed an appearance for F&D in this action, effectively appearing on its behalf, in addition to being the Puffers' counsel.

¶26 Procedural wrangling regarding disqualification of the district judge ensued. The Puffers then appealed to this Court the issue of the District Court's original judgment. We remanded the matter to the District Court. Upon remand the District Court issued a new order on January 24, 2006, requiring F&D to appear and show cause why judgment should not be entered against it. Eisenhart served this order to show cause on F&D's counsel.

¶27 We recognize that Eisenhart had not named F&D as a party to the action. We further recognize that Eisenhart had never served F&D with a copy of the formal complaint. We also recognize, however, that the order to show cause issued by the District Court contained both a short and plain statement of Eisenhart's claim showing that he was entitled to relief and a demand for judgment for the relief that he sought. M. R. Civ. P. 8(a) requires no more.

¶28 In reaching this conclusion, we recognize that Eisenhart never served F&D with a summons. Nevertheless, a district court may acquire jurisdiction over a person by means other than service of a summons and complaint. A district court also may acquire jurisdiction over a person through "voluntary appearance in an action by any person either personally, or through an attorney. . . ." M. R. Civ. P. 4(B)(2). The Puffers' counsel made a

8

voluntary appearance on behalf of F&D on July 12, 2005. We consider a "voluntary general appearance by the defendant [to be] a waiver of the issuance or service of the summons." *MacPheat v. Schauf*, 291 Mont. 182, 185, 969 P.2d 265, 266 (1998) (internal citations and quotation marks omitted). F&D waived its right to be joined by service of summons when the Puffers' counsel appeared on its behalf on July 12, 2005. The District Court acquired personal and subject matter jurisdiction over F&D when Eisenhart served the order to show cause on the same counsel who had appeared before the District Court on behalf of the Puffers and on behalf of F&D.

¶29     The District Court never clearly recognized F&D as a party, however, even after F&D's voluntary appearance. The District Court alternatively referred to F&D as an "interested party" and, in the caption, as the "surety." We do not recognize either an "interested party" or a "surety" as a participant in a conventional legal action. The District Court never referred to F&D as a party or a defendant in the substance of its decisions or in the case captions. The District Court never rendered a judgment against F&D. It merely confirmed the arbitration award against the Puffers on October 5, 2006, and determined, on May 10, 2006, that Eisenhart could proceed against F&D for the arbitration award in a *de facto* summary judgment. The District Court effectively bound F&D to satisfy the arbitration award on behalf of the Puffers as its surety, despite the fact that the court never officially recognized F&D as a party to the action.

¶30     This case provides a model of how not to proceed to a judgment against a surety. In spite of these procedural anomalies, however, we conclude that the tortured process afforded F&D adequate notice and provided F&D with an opportunity to present its case. No material

9

issues of fact exist. Section 71-3-551(3), MCA, authorizes a judgment against F&D as the Puffers' surety. *James Talcott Const.*, 261 Mont. at 266, 862 P.2d at 399; *MacPheat*, 291 Mont. at 185, 969 P.2d at 266. The District Court eventually determined that Eisenhart could proceed against the surety, F&D, for the judgment against the Puffers based upon an order that we interpret to be a *de facto* summary judgment. The District Court awarded attorney costs and fees and confirmed the arbitration award against the Puffers on October 5, 2006, pursuant to § 71-3-551(3), MCA. As a result, we affirm the District Court's May 10, 2006, order that we interpret to constitute a *de facto* summary judgment. We emphasize, however, that Eisenhart, the Puffers, F&D, and the District Court acted in an unorthodox manner throughout this proceeding. We normally do not recognize categories of participants in litigation over whom a district court may assert jurisdictional authority beyond the parties.

¶31    *Whether the District Court properly awarded attorney fees to Eisenhart.*

¶32    The District Court awarded attorney fees and costs to Eisenhart relating to the arbitration award, Eisenhart's efforts to enforce the arbitration award, Eisenhart's efforts to foreclose on the lien, and Eisenhart's efforts to win dismissal of a federal court action brought by the Puffers. The Puffers challenge the District Court's award of fees and costs on the grounds that § 71-3-551, MCA, does not support the award. The Puffers further argue that our decision in *Terra West v. Stu Henkel Realty*, 2000 MT 43, 298 Mont. 344, 996 P.2d 866, allows an award of attorney fees absent statutory or contractual authority only "where bad faith or malicious behavior are involved. . . ." *Terra West*, ¶ 40.

¶33    We review a district court's order granting or denying attorney fees to determine whether the court abused its discretion. *James Talcott Const. v. P&D*, 2006 MT 188, ¶ 27,

10

333 Mont. 107, ¶ 27, 141 P.3d 1200, ¶ 27. Section 71-3-124, MCA, provides in pertinent part that in an action to foreclose a construction lien filed under § 71-3-551(1), MCA, "the court shall allow as costs the money paid and attorney fees incurred for filing and recording the lien and reasonable attorney fees in the district and supreme courts . . . to each claimant whose lien is established. . . ." The statute plainly provides for the fees and costs awarded to Eisenhart in the District Court as a successful lien claimant. We need not address the Puffers' claim that *Terra West* precludes an award of fees and costs absent bad faith or malicious behavior in light of the statutory basis for the award.

¶34     *Whether the District Court properly dismissed the Puffers' counterclaims.*

¶35     The Puffers contend that the District Court improperly denied their counterclaims. Whether a district court properly granted a motion to dismiss constitutes a conclusion of law that we review to determine if the court's interpretation and application of the law is correct. *Fleenor v. Darby School Dist.*, 2006 MT 31, ¶ 6, 331 Mont. 124, ¶ 6, 128 P.3d 1048, ¶ 6.

¶36     Eisenhart filed a motion to dismiss the Puffers' counterclaims on June 30, 2005. The Puffers never responded to that motion. The District Court issued an order dismissing the Puffers' counterclaims on October 5, 2005, pursuant to Montana Uniform District Court Rule 2(b). Rule 2(b) provides that an adverse party must file an answer brief in response to an opposing party's motion within ten days or the party's failure will be "deemed an admission that the motion is well taken." The Puffers have alleged no factual or legal authority that would indicate why Eisenhart's motion should not be considered well taken under Rule 2(b).

11

¶37 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE