DA 07-0495

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 92

TEAMSTERS UNION LOCAL NO. 2,
INTERNATIONAL BROTHERHOOD OF
TEAMSTERS,

        Plaintiff, Appellee, and Cross-Appellant,

  v.

C.N.H. ACQUISITIONS, INC., d/b/a
CREST NURSING HOME,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
                      In and For the County of Silver Bow, Cause No. DV 05-302
                      Honorable Brad Newman, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Tina L. Morin, Attorney at Law, Butte, Montana

        For Appellee:

                D. Patrick McKittrick, Attorney at Law, Great Falls, Montana

                              Submitted on Briefs:  June 18, 2008

                                      Decided:  March 25, 2009

Filed:

_____
                          Clerk

Justice John Warner delivered the Opinion of the Court.

¶1      Crest Nursing Home (Crest) and the Teamsters Union (Teamsters) were parties to a collective bargaining agreement (CBA) governing employment at Crest. Sherrill Hennelly, a member of the Teamsters union, worked at Crest. Crest terminated Hennelly's employment and she filed a grievance under the CBA. Hennelly's grievance went to arbitration under the CBA and the arbitration panel decided that she must be reinstated. Crest refused to reinstate Hennelly and Teamsters filed this action in the District Court to enforce the arbitration decision. Teamsters moved for summary judgment in the District Court, which motion was denied. Teamsters later filed a renewed motion for summary judgment which the District Court granted. The District Court denied Teamsters' motion for attorney fees. Crest then filed a motion for amended judgment, which was denied. Crest appeals the grant of Teamsters' motion for summary judgment. Teamsters cross-appeals the denial of attorney fees.

¶2      We restate the issues presented as follows:

¶3      Issue 1: Did the District Court err in granting Teamsters' second, renewed motion for summary judgment?

¶4      Issue 2: Did the District Court err in granting Teamsters summary judgment confirming the arbitration award?

¶5      Issue 3: Did the District Court err in not awarding Teamsters its attorney fees against Crest?

BACKGROUND

¶6     Hennelly was an employee of Crest and covered by the CBA between Crest and Teamsters. In July 2005, Crest terminated Hennelly's employment. Hennelly filed a grievance under the CBA, stating that her termination was not for just cause and that she was not given a written termination notice within 10 days of the incident precipitating her termination, which was required by Article XI, Section G of the CBA.

¶7     Pursuant to the grievance-arbitration procedure in the CBA, Hennelly's discharge went to arbitration in October of 2005. The arbitration panel consisted of two employer representatives and two union representatives.

¶8     There is no record of the proceedings before the arbitration panel. However, Crest filed affidavits in the District Court to the effect that just prior to the arbitration hearing the parties orally agreed to the following:

JOINT STIPULATIONS

1. The grievance is properly before the panel arbitration for decision.
2. There are no procedural issues before the panel.
3. Was the Grievant Sherrill Hennelly discharged for good cause and if not what is the appropriate remedy.

¶9     The arbitration panel unanimously ruled:

October 28, 2005

Grievance No. 183
Grievant: Sherrill Hennelly

The committee has come to the consensus that the Employer violated Article XI, Section G of the Collective Bargaining Agreement between the Crest Nursing Home and Teamsters Local #2 for Licensed Practical Nurse Employees.


Remedy: Sherrill Hennelly be reinstated to her position with no loss of seniority, wages or benefits.

3

¶10    Crest did not reinstate Hennelly. On Dec. 5, 2005, Teamsters filed an action in District Court to enforce the arbitration ruling. Teamsters then moved for summary judgment. In response to the summary judgment motion, Crest filed the affidavits referred to above and argued that the arbitration panel exceeded its authority by basing its decision on a procedural issue which the parties had stipulated would not be a subject of the arbitration. Also, for the first time, Crest alleged that Hennelly was an impaired nurse and thus enforcing the arbitration award would violate public policy.

¶11    Teamsters responded by filing affidavits that there had been no stipulation that whether Hennelly had been given proper notice was not before the arbitration panel, and that such issue was presented to the panel without objection.

¶12    The presiding District Judge, Hon. John Whelan, denied Teamsters' summary judgment motion concluding that material issues of fact existed, without stating what those facts were. Four days later Judge Whelan retired. Teamsters filed what it called a renewed motion for summary judgment a little over a month later, based on newly discovered evidence. The Hon. Brad Newman, noting that his predecessor did not have the benefit of oral argument on the first summary judgment motion; that the issues were unclear as presented to Judge Whelan; that Judge Whelan had not been advised that the alleged stipulation was not signed by the parties; and that after the first summary judgment motion had been denied a complaint against Hennelly before the Board of Nursing had been resolved, concluded that Teamsters was entitled to summary judgment. Judge Newman granted the renewed summary judgment motion. He denied Teamsters an award of attorney fees.

4

STANDARDS OF REVIEW

¶13    We review grants of motions for summary judgment de novo using the same criteria as the district court under M. R. Civ. P. 56. *Klein v. State ex rel. Mont. Dep. of Corr.*, 2008 MT 189, ¶ 9, 343 Mont. 520, 185 P.3d 986. In reviewing a district court's decision we must determine whether the district court correctly applied the law. *Klein*, ¶ 9.

¶14    Judicial review of arbitration awards is limited by statute. When a matter has been submitted to binding arbitration, courts are not permitted to review the merits of the controversy, but may only confirm, vacate, modify, or correct an arbitration award pursuant to §§ 27-5-311, -312, and -313, MCA. The standard of review for a court's refusal to modify or vacate an arbitration award is whether the court abused its discretion. *Paulson v. Flathead Conservation Dist.*, 2004 MT 136, ¶ 18, 321 Mont. 364, 91 P.3d 569 (citations omitted).

¶15    *Issue 1:  Did the District Court err in granting Teamsters' second, renewed motion for summary judgment?*

¶16    Citing *State Highway Commission v. Kinman*, 150 Mont. 12, 430 P.2d 110 (1967), Crest argues that the District Court erred when it considered Teamsters' renewed motion for summary judgment because this resulted in one judge overruling another sitting in the same case. M. R. Civ. P. 56, concerning motions for summary judgment, does not preclude successive motions. However, when an issue is once judicially determined, that should be the end of the matter as far as successive judges sitting in the same case are concerned. However, this rule is not an imperative, does not go to the power of the court and it does not necessarily mandate that a court does not have discretion, in appropriate circumstances, to reconsider a ruling made by another judge in the same case. *Hayworth v. School Dist. No.*

5

*19*, 243 Mont. 503, 505, 795 P.2d 470, 471-72 (1990); *State v. Carden*, 170 Mont. 437, 440, 555 P.2d 738, 740 (1976).

¶17    In this case, oral argument on the summary judgment motion was waived and it was submitted to Judge Whelan when he had only a few days to consider the substantial pleadings, briefs, and affidavits in the record. After Judge Newman assumed jurisdiction, further information and argument was submitted in support of the renewed motion. Upon review of the entire record, Judge Newman determined that, considering the new information presented, Teamsters was entitled to judgment as a matter of law. Under these circumstances, we conclude that Judge Newman did not abuse his discretion in considering Teamsters' renewed motion for summary judgment.

¶18    Crest argues in the alternative that Teamsters' renewed motion for summary judgment was improperly granted as it constituted an M. R. Civ. P. 59 motion to alter or amend a judgment. M. R. Civ. P. 59 concerns judgments. When Teamsters filed their renewed motion for summary judgment, there was no judgment. Rule 59 is not applicable.

¶19    *Issue 2: Did the District Court err in granting Teamsters summary judgment confirming the arbitration award?*

¶20    Crest first argues, in essence, that whether Hennelly was given the required 10 day notice of the reasons for her termination is a procedural issue, and a material fact exists as to whether the parties stipulated at the beginning of the arbitration proceeding that there were no procedural issues before the panel. Crest posits that if in fact the parties agreed that the issue of whether Hennelly was given the proper notice was not to be decided by the

6

arbitration panel, the arbitrators exceeded their authority in basing their decision on the fact that she was not given this notice. Thus, the arbitration award may not be confirmed.

¶21 The record does contain conflicting affidavits concerning whether it was agreed between the parties at the beginning of the arbitration proceeding that "[t]here are no procedural issues before the panel." However, we determine that, in the context of this arbitration proceeding, these affidavits do not present a material issue of fact.

¶22 Arbitrators have the power to review issues of both fact and law. Section 75-7-114, MCA, empowers an arbitration panel "to settle the dispute before it," regardless of whether the issues involve fact or law. *Paulson*, ¶ 23. There is no dispute that the CBA required Hennelly be given the notice in question. The arbitration panel concluded that Crest violated this provision of the CBA, and Crest does not argue that the arbitrators did not hear evidence justifying its conclusion. There can be no doubt that the arbitration panel considered this fact to be of sufficient substance to constitute a breach of the CBA justifying Hennelly's reinstatement. An arbitrator may decide the matters which are submitted to him and the decision will be upheld upon review if it was rationally derived from the agreement to arbitrate. *Paulson*, ¶ 22. The arbitrators heard whatever statements the parties' representatives made concerning the alleged stipulation, heard the evidence presented, and obviously decided it was within their province to conclude that Hennelly must be reinstated because Crest had violated the notice provision of the CBA. Whether there was some type of agreement that "procedural" matters were not before the arbitrators, it is not clear the notice requirement of the CBA was a procedural matter. When the arbitral decision draws its essence from the CBA, as it does in this case, courts are to enforce the award. This remains

7

so even when the basis for the arbitrator's decision may be ambiguous. *United Food & Commercial Workers v. Foster Poultry*, 74 F.3d 169, 173 (9th Cir. 1995); *W.R. Grace v. Local Union 759*, 461 U.S. 757, 764, 103 S. Ct. 2177, 2182 (1983). This Court will not insert itself into the arbitration proceeding and decide as a matter of law that the lack of notice was simply a procedural matter.

¶23 Crest also contends that Hennelly is an LPN whose conduct has placed vulnerable patients at risk. Citing a violation of public policy exception to the general rule that courts will defer to an arbitrator's decision, as contained in *Stead Motors v. Automotive Machinist Lodge 1173*, 886 F.2d 1200, 1210 (9th Cir. 1989); *W.R. Grace*, 461 U.S. at 766, 103 S. Ct. at 2183, Crest argues that reinstating Hennelly would be contrary to public policy as expressed in § 37-1-316, MCA, and Admin. R. M. 24.159.2301 (2009), governing the licensing of LPNs. According to Crest, this is because Hennelly's alleged impairment presents a threat to the health and safety of vulnerable patients. Crest argues that a material issue of fact exists whether Hennelly is impaired, and thus summary judgment is precluded.

¶24 The violation of public policy exception to court enforcement of arbitrators' decisions does not apply under the facts presented in this case. The fact that the subject of an inquiry by an arbitration panel may also involve a possible violation of public policy does not mean a court may do the arbitrator's task and determine that reinstatement is not the appropriate decision. *United Paperworkers Intern. Union v. Misco, Inc.*, 484 U.S. 29, 32-40, 108 S. Ct. 364, 368-71 (1987). Simply because an employee has committed some act which violates a law or a public policy in the course of her employment, her reinstatement would not necessarily violate that public policy. Only if the record clearly shows the grievant is likely

8

to engage in wrongful conduct which violates public policy in the future could reinstatement be said to violate public policy. *Stead Motors*, 886 F.2d at 1217. The District Court did not err in concluding that the violation of public policy exception to the general rule that courts will defer to an arbitrator's decision is not applicable.

¶25 *Issue 3: Did the District Court err in not awarding Teamsters its attorney fees against Crest?*

¶26 We review a district court's order granting or denying attorney fees to determine whether the court abused its discretion. *Eisenhart v. Puffer,* 2008 MT 58, ¶ 33, 341 Mont. 508, 178 P.3d 139.

¶27 Attorney fees are not traditionally awarded without statutory or contractual authority. *Terra West v. Stu Henkel Realty,* 2000 MT 43, ¶ 40, 298 Mont. 344, 996 P.2d 866. In limited circumstances, a district court may award attorney fees to make an injured party whole under its equity powers. *Terra West*, ¶ 40. Also, in instances where bad faith or malicious behavior are involved, this Court has made an equitable award of attorney fees. *Terra West*, ¶ 40 (citing *Tanner v. Dream Island, Inc.*, 275 Mont. 414, 429, 913 P.2d 641, 650 (1996)).

¶28 Teamsters asserts Crest has acted in bad faith in its defense of this claim by failing to comply with the arbitration panel's decision, arguing for the existence of the "Joint Stipulation," and asserting Hennelly is an impaired nurse. The District Court weighed the evidence before it and found that Crest's behavior did not constitute bad faith. We conclude that the District Court did not abuse its discretion in denying Teamsters' request for attorney fees.

9

¶29    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE