DA 08-0583

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 241N

KIMBERLY F. LaVALLEY, n/k/a CUNNINGHAM,

      Petitioner and Appellant,

v.

JACK LEE LaVALLEY,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. CDR 03-384
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Antonia Prudich Marra; Marra, Sexe, Evenson & Bell, P.C.;
Great Falls, Montana

      For Appellee:

            Daniel L. Falcon; Falcon, Lester & Schaff, P.C.; Great Falls, Montana

          Submitted on Briefs:  May 28, 2009

                        Decided:  July 21, 2009

Filed:

              _____
                       Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kimberly LaValley, n/k/a Kimberly Cunningham, appeals from orders of the Eighth Judicial District Court, Cascade County, granting a motion to modify a parenting plan regarding two minor children she has with her former husband, Jack LaValley, and awarding Jack attorney fees. We affirm.

¶3 Kimberly and Jack were divorced by a final decree of dissolution of marriage on September 3, 2003. The parties have two minor children, D.L. and K.L. The parenting plan incorporated into the final decree provided that the parties would share custody of the children, alternating custody every other week.

¶4 In 2008, Kimberly notified Jack that she intended to move to Colorado Springs, Colorado where her current husband, an officer in the United States Air Force, has been transferred. Jack objected to the notice and moved to modify the parenting plan. Jack requested that the parties' children remain in Great Falls where they attend school and have numerous relatives in the area. At the time, D.L. was eleven years old and K.L. was eight years old.

2

¶5     The District Court conducted a hearing on the motion to modify the parenting plan on October 8, 2008. At the hearing, Jack requested that the court sanction Kimberly for allegedly tampering with a witness who had been scheduled to testify on Jack's behalf. The witness, a teacher at D.L. and K.L.'s elementary school, sought to be excused from testifying after Kimberly made derogatory statements about the teacher to the school's principal and the assistant superintendent for elementary schools. The teacher appeared at the hearing but her testimony was excluded after the District Court determined that Jack's case would not be prejudiced by the absence of her testimony.

¶6     On October 23, 2008, the District Court issued its Findings of Fact, Conclusions of Law and Order in which it adopted an amended parenting plan providing that D.L. and K.L. would reside with Jack in Great Falls during the school year and with Kimberly in Colorado Springs during the summer. Separately, the District Court awarded Jack attorney fees, concluding that Kimberly's "conduct was for the purpose of causing the witness not to testify" and that her "conduct was outrageous and her explanation not credible or satisfactory."

¶7     Kimberly raises the following issues on appeal:

¶8     1. Whether the District Court erred in modifying the parenting plan when it made Jack the primary caretaker of the parties' minor children.

¶9     2. Whether the District Court erred in awarding Jack attorney fees as a sanction for Kimberly's actions regarding a potential witness.

¶10    We review the findings of fact underlying a court's decision to modify a parenting plan to determine whether they are clearly erroneous. *Jacobsen v. Thomas*, 2006 MT

3

212, ¶ 13, 333 Mont. 323, 142 P.3d 859. If the findings are not clearly erroneous, then we will overturn the court's decision to modify the parenting plan only if there is a clear abuse of discretion. *Jacobsen*, ¶ 13. We review a district court's grant or denial of attorney fees for an abuse of discretion. *In re D'Alton*, 2009 MT 184, ¶ 7, 351 Mont. 51, 209 P.3d 251.

¶11 At its discretion, a court may modify a parenting plan when it finds that the children's circumstances have changed and when modification of the existing plan will serve the best interests of the children. Section 40-4-219, MCA. Further, § 40-4-212, MCA, lists the relevant factors that a district court must consider when determining whether the best interests of the children are served, including the wishes of the children, the interaction and relationship between the children and their family, continuity and stability of care, and the children's adjustment to home, school, and community. While a court is not required to make specific findings for each factor, it must set forth the essential and determinative factors upon which its decision is based. *In re Marriage of Merriman*, 247 Mont. 491, 493, 807 P.2d 1351, 1353 (1991).

¶12 Kimberly claims the District Court erred in making Jack, the children's father, the primary caretaker of D.L. and K.L. because it ignored testimony from a counselor that it would be detrimental for the youngest child to be separated from his mother. She claims the District Court's findings of fact misstated or misapprehended the evidence introduced at the hearing, particularly as to its finding that there was evidence of manipulation on the mother's part.

4

¶13 The District Court's findings of fact were not clearly erroneous. The court did not have any concerns with respect to either parent, finding that each loved their children and provided adequate homes. Further, the court found that both parents were deeply involved in the children's lives. However, the court also found that for purposes of continuity, the children's interests would be best served by remaining enrolled in the same school, staying involved in the same activities, and continuing their relationships with friends and relatives in the area. The court also considered that K.L., the youngest child, wanted to go with his mother to Colorado but found that there was evidence of manipulation on the mother's part and that K.L. was more susceptible to such manipulation.

¶14 With respect to attorney fees, Kimberly argues that because the witness ultimately appeared at the hearing, there was no reason for the District Court to sanction her for calling the potential witness's employers. While attorney fees are not typically awarded without express statutory or contractual authority, we have determined that an award of attorney fees is appropriate when there is evidence of bad faith or malicious behavior. *Teamsters Union Local No. 2, Int'l Bhd. of Teamsters v. C.N.H. Acquisitions, Inc.*, 2009 MT 92, ¶ 27, 350 Mont. 18, 204 P.3d 733 (citing *Terra West Townhomes v. Stu Henkel Realty*, 2000 MT 43, ¶ 40, 298 Mont. 344, 996 P.2d 866). The District Court did not abuse its discretion in awarding attorney fees because it was clear that Kimberly, through her own admissions at the hearing on October 8, 2008, attempted to intimidate a potential witness by making derogatory statements that were unrelated to the parenting proceeding

5

to the witness's employers in an effort to keep the witness from testifying. It is irrelevant that the teacher ultimately appeared at the hearing.

¶15 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and record before us that the District Court did not err in the disposition of this matter.

¶16 Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER

6